[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14514

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONALD BROOMFIELD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:14-cr-00156-TJC-PDB-1

_____

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Donald Broomfield, a federal prisoner, appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Broomfield failed to identify extraordinary and compelling reasons for early release, U.S.S.G. § 1B1.13, and, in the alternative, that the statutory sentencing factors weighed against granting his motion, 18 U.S.C. § 3553(a). We affirm.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* at 911 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). A district "court may not modify a term of imprisonment once it has been imposed" except in specified circumstances. 18 U.S.C. § 3582(c). Section 3582(c), as amended by the First Step Act, gives a district court discretion to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if a reduction is warranted for "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A district

court may deny a motion to reduce for lack of "extraordinary and compelling reasons" or because relief is inappropriate based on the statutory sentencing factors. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

We need not address Broomfield's argument that the statutory sentencing factors weighed in favor of a sentence reduction because we can affirm on the alternative ground that he failed to establish an extraordinary and compelling reason to justify an early release. Broomfield argued that his hypertension, hyperlipidemia, and obesity increased his risk of medical complications from COVID-19. But Broomfield's "risk scoring" was "minimum," he had a level 1 medical status for "healthy or simple chronic care," and he refused to take medications that had proved effective for controlling his blood pressure or to comply with his doctors' advice to watch his diet and to exercise. The district court found "no evidence that any of [Broomfield's] conditions impair[ed] his ability to function or . . . pose[d] an imminent risk to his health" and that measures "implemented . . . to mitigate the spread of Covid-19" "appear[ed] to be working at [his] facility." *See Harris*, 989 F.3d at 912; U.S.S.G. § 1B1.13 cmt. n.1. "[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). We cannot say that the district court abused its discretion when it denied Broomfield's motion.

We **AFFIRM** the denial of Broomfield's motion for compassionate release.