[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13748

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　　Plaintiff-Appellee,

versus

DARRYL VAUGHN,
a.k.a.
Horsehead,

　　　　　　　　　　　　　　　　　　Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:12-cr-00005-RH-MAF-2

———————————

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM and
BRASHER, Circuit Judges.

PER CURIAM:

Darryl Vaughn, a federal prisoner, appeals *pro se* the denial
of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A).
The district court ruled that the statutory sentencing factors
weighed against reducing Vaughn's sentence. *See id.* § 3553(a). We
affirm.

Vaughn moved for early release based on his risk of severe
illness or death from COVID-19 due to his diabetes, hypertension,
high cholesterol, heart problems, and kidney issues. Vaughn ar-
gued that he would have faced a mandatory minimum sentence of
25 years of imprisonment instead of the life sentence he received
had he committed his crime when he filed his motion for compas-
sionate release. He also argued that his continued education and
mental disability warranted a sentence reduction and that he was
no longer a danger to the community. The government opposed
Vaughn's motion.

"Based on the entire record, including [Vaughn's] presentence report," the district court declined to exercise its discretion to reduce Vaughn's sentence, "even if he [was] deemed eligible for a reduction." The district court determined that "a sentence to time served, or a greater sentence ending before the covid risk is likely to substantially subside, would not be sufficient to meet the § 3553 factors" and cited "Vaughn's extensive criminal history [as] a significant basis for that conclusion." The district court also ruled that, "[u]nder the current law of the circuit," the "nonretroactive change made by the First Step Act, [which would lower] the minimum mandatory sentence [for Vaughn to] . . . 25 years," "without more [did] not constitute an extraordinary and compelling reason for a sentence reduction."

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

The district court did not abuse its discretion by denying Vaughn's motion for compassionate release. The district court reasonably determined that requiring Vaughn, a career offender, to

serve the remainder of his sentence of life imprisonment was necessary to satisfy the statutory purposes of sentencing. *See* 18 U.S.C. § 3553. Within two years of completing a reduced sentence for conspiring to distribute cocaine base, Vaughn committed the same crime and was held accountable for 27.6 kilograms of cocaine. And Vaughn's criminal history included four convictions for cocaine offenses and for grand theft, two convictions for burglary of a dwelling, and convictions for aggravated assault, assault with a deadly weapon, battery, and resisting arrest with violence. Vaughn argues that insufficient weight was given to his self-improvement, likelihood of future employment, family assistance, and medical conditions, but we cannot say the district court abused its discretion by placing greater weight on Vaughn's criminal history. *See United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). And the district court was not required to resolve whether Vaughn had identified extraordinary and compelling reasons for early release where "the result would be the same—denial—[because] the § 3553(a) factors militate against a sentence reduction." *Id.* at 1239.

We **AFFIRM** the denial of Vaughn's motion for compassionate release.