CLD-186                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1545
_____

UNITED STATES OF AMERICA

v.

SALVATORE BRUNETTI,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:94-cr-00127-013)
District Judge:  Honorable Mark A. Kearney
_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2022

Before: AMBRO, SHWARTZ and BIBAS, <u>Circuit Judges</u>

(Opinion filed:   July 11, 2022)
_____

---

OPINION[*]

---

PER CURIAM

Federal Prisoner Salvatore Brunetti appeals from the order of the District Court denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a timely motion for summary affirmance and to be relieved from its obligation to file a brief.[1] For the following reasons, we grant the Government's motion and will summarily affirm the District Court's order.

In 1996, Brunetti was convicted, upon a jury verdict, of two counts of unlawful conduct relating to racketeering influences and corrupt organizations (RICO). Brunetti's offenses related to his role, as a member of the La Cosa Nostra crime enterprise, in a conspiracy to murder other individuals involved in organized crime.

As relevant to this appeal, Brunetti filed a pro se motion for compassionate release on January 25, 2022, arguing that his advanced age and multiple health conditions restricted his ability to provide self-care in the institutional setting and made him susceptible to complications from COVID-19. The District Court denied Brunetti's motion, finding

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Brunetti argues that the Government's motion was untimely because it was filed after he had filed his pro se brief. But Brunetti's brief was not due until June 20, 2022, and thus the Government's motion for affirmance, filed on May 30, 2022, was timely. See 3d Cir. L.A.R. 27.4(b) (providing that "[e]xcept for a change in circumstances or a change in law, motions for summary action or dismissal should be filed before appellant's brief is due").

that his age and health conditions did not constitute an extraordinary circumstance warranting release, and that, in any event, the weighing of the 18 U.S.C. §3553(a) factors precluded his release. Brunetti appealed. Because the appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

We have jurisdiction pursuant to 28 U.S.C. §1291. We review the District Court's denial of compassionate release, including its weighing of the §3553(a) factors, for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021); United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Under that standard, "we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Andrews, 12 F.4th at 259 (quotation marks and alteration omitted).

We need not review the District Court's conclusions as to whether Brunetti showed extraordinary and compelling reasons for release, because the conclusion that release is not warranted upon review of the §3553(a) factors is sufficient to support the District Court's rulings in this case. See United States v. Tinker, 14 F.4th 1234, 1238–39 (11th Cir. 2021) (per curiam). In weighing the §3553(a) sentencing factors, the District Court recognized Brunetti's rehabilitative efforts and low risk of recidivism but concluded that such were outweighed by the need for his sentence to reflect the seriousness of his offenses and promote respect for the law. These were relevant considerations, see 18 U.S.C. §3553(a)(2)(A), and we cannot say that the District Court erred in relying on them. Although the District Court did not address Brunetti's argument that changes in

3

the United States Sentencing Guidelines resulted in a disparity between his sentence and those of defendants more recently sentenced for similar crimes, that argument is without merit because, compared to the Sentencing Guidelines in place when Brunetti was sentenced, the Guidelines in effect today prescribe harsher punishment for Brunetti's offenses.[2]  Accordingly, we will affirm the District Court's order.

---

[2] Prior to November 1, 2004, the base offense level of both attempted murder and conspiracy to commit murder was 28.  See USSG App. C, amend. 311 (effective Nov. 1, 1990).  Effective November 1, 2004, the base offense level for each offense has increased to 33.  See USSG §§ 2A1.5 (conspiracy to commit murder), 2A2.1(a)(1) (attempted murder).