**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-3189 & 22-1663
_____

UNITED STATES OF AMERICA

v.

RALPH MALDONADO
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-17-cr-00138-001)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted for Possible Dismissal as Untimely and on
Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2022
Before:  MCKEE, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed July 14, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Federal Prisoner Ralph Maldonado appeals from two orders of the District Court denying his motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance and to be relieved from its obligation to file a brief in each appeal. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's orders.[1]

In 2018, Maldonado pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(l) and 924(e). He was sentenced to a 120-month term of imprisonment. According to the Bureau of Prisons, Maldonado has a release date of November 11, 2025, presumably reflecting time served and good-time credits.

As relevant to this appeal, Maldonado filed a counseled motion for compassionate release on June 17, 2020, contending that his medical conditions—diabetes, high cholesterol, and obesity—made him susceptible to complications from COVID-19. The District Court denied Maldonado's motion on January 15, 2021, finding that Maldonado's diabetes presented an extraordinary and compelling circumstance justifying release, but concluding that Maldonado would pose a danger to the community if released. Maldonado filed a document construed to be a notice of appeal as to the

---

[1] Regarding Maldonado's appeal from the District Court's March 8, 2022, order, his notice of appeal was not filed within 14 days of the order's entry, as required by Federal Rule of Appellate Procedure 4(b)(1)(A). Nevertheless, the Rule 4(b)(1)(A) deadline is not jurisdictional, and the Government has waived it in this case. We therefore decline to dismiss that appeal as untimely.

District Court's denial. While the appeal was pending, Maldonado contracted COVID-19, and his daughter passed away due to complications from COVID-19. He accordingly filed a pro se motion for compassionate release on November 19, 2021, citing concerns related to COVID-19 and seeking release so that he could care for his late daughter's children. The District Court again denied Maldonado's motion, finding that neither his health conditions nor the passing of his daughter constituted an extraordinary and compelling circumstance, and that, in any event, the weighing of the 18 U.S.C. § 3553(a) factors precluded his release. Maldonado appealed that ruling, as well. We consolidated the two appeals, and we now review the District Court's orders of January 15, 2021, and March 8, 2022. Because no substantial issue is presented by either appeal, we will summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of compassionate release, including its weighing of the § 3553(a) factors, for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021); United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Under that standard, "we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Andrews, 12 F.4th at 259 (quotation marks and alteration omitted).

3

We need not review the District Court's conclusions as to whether Maldonado showed show extraordinary and compelling reasons for release, because the conclusion that release is not warranted upon review of the § 3553(a) factors is sufficient to support the District Court's rulings in this case. See United States v. Tinker, 14 F.4th 1234, 1238-39 (11th Cir. 2021) (per curiam). In weighing the § 3553(a) sentencing factors, the District Court relied on the breadth of Maldonado's criminal history and his recidivism, noting that he had 13 prior offenses and that many of his crimes were committed while he was on probation or supervised release. These were relevant considerations, see 18 U.S.C. § 3553(a)(2)(A), and we cannot say that the District Court erred in relying on them. Therefore, we will affirm the District Court's orders.