ALD-192                                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1867
_____

UNITED STATES OF AMERICA

v.

MILTON LATHAM,
a/k/a Murder,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-16-cr-00380-002)
District Judge:  Honorable Esther Salas

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 7, 2022
Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: July 19, 2022)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Milton Latham appeals from an order of the United States District Court for the District for New Jersey denying his third motion for compassionate release under 18 U.S.C. § 3582(c)(1). For the reasons that follow, we will affirm the District Court's ruling.

In 2016, Latham pleaded guilty to conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, pursuant to an agreement recommending a stipulated sentencing range of 144 to 180 months' imprisonment. Ultimately, the District Court imposed a sentence at the bottom of the range provided in the plea agreement, 144 months in prison, followed by a 4-year period of supervised release. The Bureau of Prisons (BOP) now anticipates that Latham will be released from prison on September 5, 2025.

In April 2020, Latham filed his first pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and an assistant federal public defender supplemented it in July 2020. As described in those filings, Latham has been diagnosed with chronic health conditions including high blood pressure, obesity, diabetes, and asthma. Latham argued that he met the "extraordinary and compelling" requirement for compassionate release because his serious health conditions placed him at an increased risk for complications, should he be infected with the COVID-19 virus. He also explained that the facility where he was (and is) imprisoned, FCI Fort Dix, was ill-equipped to handle the pandemic's spread. He further argued that the factors under 18 U.S.C. § 3553(a) counseled in favor of release. The Government opposed Latham's motion.

After hearing argument on the motion, the District Court denied relief in September 2020. Although the Court found that Latham had exhausted his administrative remedies and had established an "extraordinary and compelling" reason for a reduction under § 3582(c)(1) due to his underlying health conditions and the risks then posed by the pandemic, the Court ruled that the § 3553(a) factors counseled against a reduction. See D. Ct. Oral Opinion Sept. 17, 2020, at 13-25. In particular, the Court considered—after a "painstaking review" of Latham's criminal record—that Latham's extensive criminal background and history of noncompliance with terms of release and recidivism did not support release. Id. at 15, 16. The Court drew this conclusion while taking all the § 3553(a) factors into account, but most especially the need to protect the public from further crimes by Latham, which the Court had "no confidence would be abated once he is released." Id. at 17. The Court further highlighted other statutory factors including just punishment and deterrence in concluding that Latham's sentence was "fully deserved" under the § 3553(a) assessment. Latham's motion for reconsideration was denied. He did not file an appeal.

Latham filed a second motion for reduction in December 2020, based on a COVID-19 outbreak at Fort Dix and his own positive diagnosis. Noting that these circumstances did not alter the Court's previous analysis of the § 3553(a) factors, namely, the need to protect the public and concerns over Latham's recidivism, the Court denied

3

that motion.[1] Latham again sought reconsideration, and the Court again declined relief. Latham did not appeal then, either.

In December 2021, Latham filed a third § 3582(c)(1) motion, the one at issue in this appeal. He maintained that his health conditions continued to place him at heightened risk, and that, if sentenced today, he would not qualify as a career offender.[2] But Latham failed to show that he had exhausted his administrative remedies, and the District Court denied the motion for that reason. See D. Ct. Order Apr. 18, 2022, at 2. Alternatively, the Court found no extraordinary and compelling reasons for modification, either based on COVID-19 or because of a nonretroactive change in law regarding Latham's qualification for career offender status.[3] Id. at 3-4. Finally, referring to the District Court's earlier § 3553 analysis and noting that nothing had changed, the District Court denied the motion based on the § 3553 factors. Id. at 4-5.

---

[1] The District Court ruled that Latham exhausted appropriate administrative remedies with respect to the second motion. See ECF No. 147 at 3 n.1.

[2] As the District Court noted, Latham's argument appeared to invoke the holding in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc) (holding that inchoate crimes do not qualify as controlled substance offenses under § 4B1.2(b) of the sentencing guidelines and thus do not support a career offender sentencing enhancement on that basis).

[3] In rejecting Latham's claim related to COVID-19, the District Court considered that Latham had recovered from COVID-19 and received two doses of the Pfizer-BioNTech vaccine, and that Fort Dix's COVID-19 measures appeared to be successful because there were no positive cases at that time. Id. at 3.

Latham filed this timely appeal. The Government filed a motion for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Latham did not file a response and the time for doing so has closed.

We have jurisdiction under 28 U.S.C. § 1291. We review any legal questions (including statutory interpretations) de novo, but the District Court's decision to deny compassionate release is reviewed for an abuse of decision. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Review under the abuse of discretion standard means that we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (cleaned up). We may take summary action if "no substantial question is presented" in the appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Although the District Court relied on several factors, we are satisfied that the District Court did not abuse its discretion in denying Latham's motion after consideration of the § 3553(a) factors. Cf. United States v. Tinker, 14 F.4th 1234, 1238-39 (11th Cir. 2021) (per curiam) (holding that courts may assume extraordinary and compelling reasons and deny release based on the § 3553(a) factors alone). As is well-documented throughout the litigation of Latham's compassionate release motions, the § 3553(a) factors militate against modification of his sentence. The District Court committed no "clear error of judgment" in ruling that Latham's extensive criminal history, the need to

protect the public, concerns of recidivism, and the need to afford adequate deterrence all counseled strongly against modification.  See <u>Pawlowski</u>, 967 F.3d at 330.

Accordingly, the Government's motion is granted, and we will affirm the District Court's judgment.