[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14342

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAMARCUS DEMANE HARVEY,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00298-PGB-DCI-4

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Lamarcus Harvey appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  We affirm.

## I.

Harvey entered a guilty plea to one count of attempted bank robbery and one count of possession of a firearm in relation to a crime of violence.  The district court imposed a total sentence of 102 months in prison followed by three years of supervised release. We affirmed his convictions and sentence on direct appeal.  *United States v. Harvey*, 791 F. App'x 171, 172 (11th Cir. 2020) (unpublished).

In October 2021, Harvey filed a motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A).  That statute provides that a district court may reduce an otherwise final sentence, after considering the applicable sentencing factors in 18 U.S.C. § 3553(a),[1] if it finds that "extraordinary and compelling reasons

---

[1] The § 3553(a) sentencing factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public; the kinds of sentences available; the Sentencing Guidelines; and the

warrant" a reduction and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The relevant policy statement provides, in part, that the "death or incapacitation of the caregiver of the defendant's minor child or minor children" constitutes an "extraordinary and compelling" reason under the compassionate-release statute. U.S. Sentencing Guidelines § 1B1.13 cmt. n.1(C). The policy statement also provides that before granting a sentence reduction under § 3582(c)(1)(A), a district court must determine that the "defendant is not a danger to the safety of any other person or to the community." Id. § 1B1.13(1)(A)(2).

In his motion, Harvey argued that extraordinary and compelling reasons existed because of his family circumstances and because his firearm conviction was invalid under current law. Regarding his family circumstances, he asserted that his daughter had been admitted to the hospital and placed on life support while she awaited a heart transplant. He said that the mother of his children had to remain at the hospital with their daughter, leaving their five-year-old son to stay with Harvey's adult daughter, his sister, and other relatives who were not able to provide a safe and stable home for him. Harvey, who had served about 46 months of his 102-month sentence, asked the court to grant his immediate

---

need to avoid sentencing disparities and provide restitution to victims. 18 U.S.C. § 3553(a).

release under § 3582(c)(1)(A) so that he could take care of his family.

The district court denied Harvey's motion. Based on Harvey's extensive criminal history and the circumstances of his offense, the court found that Harvey posed a danger to the community and that the § 3553(a) sentencing factors weighed against a sentence reduction. The court also found that Harvey's family circumstances did not constitute an extraordinary and compelling reason for his release, despite his daughter's tragic illness, because family members were in place to provide support for Harvey's children. Harvey now appeals.

## II.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies the wrong legal standard, follows improper procedures in reaching its decision, makes clearly erroneous findings of fact, or commits a clear error of judgment. *Id.* at 911–12.

## III.

Under the compassionate-release statute and its policy statement, a district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for the defendant's early release, as defined in U.S.S.G. § 1B1.13; (2) the defendant's release would not endanger any

person or the community; and (3) the factors listed in 18 U.S.C. § 3553(a) favor doing so. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Because each condition is necessary, the failure to satisfy one condition warrants denial of a motion for a sentence reduction. *See id.* at 1237–38.

On appeal, Harvey argues that the district court erred in determining that his family circumstances did not constitute extraordinary and compelling reasons for his early release under the compassionate-release statute and the applicable policy statement, especially when considered in combination with his legal challenge to his sentence.[2] He also argues that the district court abused its discretion by failing to weigh his postconviction rehabilitation more heavily than his criminal history and the circumstances of his offense in its evaluation of the § 3553(a) sentencing factors and when determining that he posed a danger to the community. We do not agree.

Even assuming that Harvey's family circumstances met the definition of extraordinary and compelling reasons under the Sentencing Commission's policy statement, the district court could not grant his motion unless it also found that he posed no danger to the community and that the § 3553(a) factors weighed in favor

---

[2] To the extent that Harvey argues that the district court was not bound by the policy statement in U.S.S.G. § 1B1.13, his argument is foreclosed by our decision in *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021).

of his release.  *See Tinker*, 14 F.4th at 1237–38.  And the district court did not abuse its discretion in determining that Harvey failed to meet those conditions.

As the court pointed out, Harvey has a lengthy criminal history that includes several felony offenses both as a juvenile and as an adult.  Most strikingly, Harvey has already served time for crimes similar to those at issue here—in 1997, he was convicted of armed bank robbery and possession of a firearm during a crime of violence and sentenced to 128 months in prison.  He served more than eight years in prison for that offense, reportedly without any disciplinary issues.  He committed the attempted bank robbery for which he is presently incarcerated just over seven years after completing his term of supervised release for the previous robbery.

Given this history, the district court reasonably concluded that Harvey posed a danger to the community, despite his good behavior during the last four years in prison.  And as we have explained, the court's determination that Harvey posed a danger to the community meant that it could not grant his motion for early release under § 3582(c)(1)(A), regardless of his family circumstances or its analysis of the § 3553(a) factors.  *See id.*

## IV.

Because the district court reasonably concluded that Harvey posed a danger to the community, it did not abuse its discretion in denying his motion for immediate release from prison under 18 U.S.C. § 3582(c)(1)(A).  We therefore affirm.

21-14342                Opinion of the Court                7

AFFIRMED.