[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14474

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DELVIN DEON TINKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20442-JAL-1

_____

Before WILSON, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Delvin Tinker is a federal prisoner serving a 180-month sentence for possessing a firearm while a convicted felon. In the district court, Tinker contended that his medical conditions—obesity, hypertension, a congenitally narrowed spinal canal, and mental illness—increased his risk of developing a severe illness should he contract Covid-19 and that such increased risk qualified him for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Assuming that Tinker could present "extraordinary and compelling reasons" for early release, as required by § 3582, the district court decided, after considering the sentencing factors enumerated in 18 U.S.C. § 3553(a), as well as the requirements set forth in U.S.S.G. § 1B1.13, to deny Tinker's compassionate-release motion.

On appeal, Tinker asserts that the district court erred when it assumed that he satisfied § 3582's "extraordinary and compelling reasons" criterion without making explicit factual findings to that effect. He further argues that the court erred in treating U.S.S.G. § 1B1.13 as binding and in failing to consider his mitigating evidence when assessing the § 3553(a) factors.[1]

---

[1] We review de novo both questions of statutory interpretation and the question whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of

## I

We start with Tinker's contention that the district court erred by assuming the existence of "extraordinary and compelling reasons" without making explicit findings.

In relevant part, 18 U.S.C. § 3582(c)(1)(A) states as follows:

> [T]he court, upon motion of . . . the defendant . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The "applicable policy statement[]" to which § 3582(c)(1)(A) refers states, in turn, that, the court may reduce a term of imprisonment if, as relevant here, it "determines that . . . (2) the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Section 1B1.13's policy statement is applicable to all motions under § 3582(c)(1)(A), and, accordingly, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with

discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quotation omitted).

[§] 1B1.13." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).[2]

Therefore, by dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are "extraordinary and compelling reasons" for doing so, and, as relevant here, (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement.

## A

As an initial matter, nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order. Nothing, to be more specifically responsive to Tinker's contention, requires a court to find "extraordinary and compelling reasons" for release *before* considering the § 3553(a) factors or § 1B1.13's policy statement.

Consider, by way of analogy, the following sentence with the same syntax as § 3582(c)(1)(A): "Rose can give Joe a cookie, after Joe walks the dog, if he does the dishes, and takes out the trash." It's clear to the average speaker of American English that, before Rose can give Joe a cookie, Joe must walk the dog, do the dishes, and take out the trash. But the order in which Joe completes

---

[2] *Bryant*, which came down after Tinker filed his brief in this case, forecloses his contention that U.S.S.G. § 1B1.13 is not binding.

those tasks is immaterial.  So long as he completes them all, Rose can give him the cookie.

Just so here.  Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction. Because all three conditions—*i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction.  Here, two conditions were unsatisfied.  First, the district court found that, in its assessment, the § 3553(a) factors did not support a reduction.  Second, the court held that a reduced sentence would be inconsistent with § 1B1.13's policy statement because Tinker presented a danger to others.  Because at least one of the compassionate-release conditions was not satisfied, it cannot—as either a syntactical or logical matter—have been error for the district court to skip assessment of another condition.

## B

Relevant precedent is to the same effect.  We have not previously addressed—at least in a published opinion—whether a district court errs where, as here, it assumes that "extraordinary and compelling reasons" exist in the 18 U.S.C. § 3582(c)(1)(A) context.[3]

---

[3] Our *unpublished* opinions have taken it as a given that a district court does not and, to the contrary, that the court may assume the existence of "extraordinary and compelling circumstances."  In *United States v. Arjona*, for instance, we affirmed the denial of a § 3582(c)(1)(A) motion after explicitly assuming that the movant had presented "extraordinary and compelling

But several of our sister circuits have done so, and they have uniformly held that a district court may assume the existence of "extraordinary and compelling reasons" while deciding the compassionate-release motion before it based on the § 3553(a) factors.

The Ninth Circuit's decision in *United States v. Keller*, 2 F.4th 1278 (9th Cir. 2021), is illustrative. There, as here, a defendant moved for a reduced sentence under § 3582(c)(1)(A), and there, as here, the district court denied the reduction after assessing the § 3553(a) sentencing factors. *Id.* at 1281. The defendant challenged the district court's ruling, asserting that the court was required to make "an explicit 'extraordinary and compelling' finding *before* denying the motion on account of the § 3553(a) factors." *Id.* at 1284. Affirming the district court, the Ninth Circuit reasoned that, "although a district court must perform this sequential inquiry before it *grants* compassionate release"—both statutory factors being necessary conditions to relief—"a district court that properly *denies* compassionate release need not evaluate each step." *Id.* In the same way, the Tenth Circuit recently rejected the contention that a district court is forbidden "to deny relief based on its assessment of the § 3553(a) factors without first making a determination of the

reasons" for release, holding that relief was still unwarranted in light of the § 3553(a) factors. 852 F. App'x 506, 508–09 (11th Cir. 2021) (per curiam); *see also United States v. Young*, 844 F. App'x 234, 237–38 (11th Cir. 2021) (per curiam) (affirming the district court's denial of compassionate release based on the § 3553(a) factors when it assumed, without deciding, that the movant had established "extraordinary and compelling reasons"); *United States v. Boykin*, 839 F. App'x 432, 434–36 (11th Cir. 2021) (per curiam) (same).

existence of 'extraordinary and compelling reasons'" and held, to the contrary, that "district courts are free to deny relief on the basis of any one of § 3582(c)(1)(A)'s requirements without considering the others." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021). So too, the Sixth Circuit has held that a district court "permissibly assumed for the sake of argument that extraordinary and compelling circumstances existed" before assessing the § 3553(a) factors, *see United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020), and the Eighth Circuit has held that when a district judge has assumed the existence of "extraordinary and compelling reasons," the appellate court need only determine whether the judge abused his discretion in analyzing the § 3553(a) factors, *see United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020); *cf. also United States v. Long*, 997 F.3d 342, 349–50 (D.C. Cir. 2021) (implicitly accepting that the district court may assume that a defendant's health condition provided an "extraordinary and compelling reason" for a sentence reduction).

For reasons already explained, we agree with our sister circuits' assessments. What's more, the logic of their opinions squares with our recent decision in *United States v. Gonzalez*, which held, in a related First Step Act context, that a district court does not necessarily err when it assumes that a defendant is eligible for a sentence reduction but exercises its discretion to deny it. *See* No. 19-14381, 9 F.4th 1327, 2021 WL 3671430 (11th Cir. Aug. 19, 2021).

Under the First Step Act, a defendant is eligible for a sentence reduction if she was sentenced for committing a "covered offense" and the guideline range for that offense would be different under the Fair Sentencing Act, which aimed to reduce sentencing disparities between crack- and powder-cocaine offenders. *Id.* at *2. If the defendant is eligible, the district court then has discretion—but not the obligation—to impose a new sentence after calculating the updated sentencing guideline range. *Id.* at *3. In *Gonzalez*, the district court had "stated that [the defendant] was ineligible for a reduction under the First Step Act, but alternatively assumed his eligibility and denied a sentence reduction in the exercise of its discretion." *Id.* We affirmed the district court's refusal to reduce the defendant's sentence. *Id.* at *4. Two aspects of our decision are relevant here.

First, as a general matter, implicit in our holding is the premise that a district court can assume that a defendant satisfies one necessary condition to relief—there, eligibility—before denying the defendant's motion based on the failure of another necessary condition—there, failing to convince the court to exercise its discretion. As we said, "as long as it is not ambiguous, a district court's alternative exercise of discretion in denying a First Step Act motion can suffice for affirmance." *Id.* at *3.

Second, and more specifically, the defendant in *Gonzalez* urged this Court to "hold that district courts must always calculate and consider a defendant's new range under the Sentencing Guidelines before exercising their discretion under § 404(b) of the First

20-14474                 Opinion of the Court                    9

Step Act." *Id.* We refused to do so. We reasoned that "[a]n auto-matic reversal rule" for situations in which the district court denies a motion, skipping over a step that would be necessary only to grant it, "would be in tension, if not in conflict, with Rule 52(a) [of the Federal Rules of Criminal Procedure] and our precedent." *Id.* at *4.

By parity of reasoning, skipping over a necessary condition in the § 3582(c)(1)(A) context isn't per se reversible. Under Rule 52(a), any error "that does not affect substantial rights must be dis-regarded." Fed. R. Crim. P. 52(a). Even if a district court were to find that "extraordinary and compelling reasons" justify early re-lease, the result would be the same—denial—where the § 3553(a) factors militate against a sentence reduction. Accordingly, under the logic of *Gonzalez*, requiring the court to make an explicit find-ing would be in tension with Rule 52(a) here, as well.

## C

Tinker relies primarily on three cases to argue that the dis-trict court was required to make explicit findings: *United States v. Vautier*, 144 F.3d 756 (11th Cir. 1998), *United States v. Johnson*, 877 F.3d 993 (11th Cir. 2017), and *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020). None is on point.

*Vautier* arose under 18 U.S.C. § 3582(c)(2), which allows a district court to modify a term of imprisonment if (1) the defendant was sentenced "based on a sentencing range that has subsequently been lowered," (2) the § 3553(a) factors favor a modification, and

(3) a modification would be consistent with U.S.S.G. § 1B1.10.  *See* 144 F.3d at 761.  In *Vautier*, we recognized that when considering a modification request under § 3582(c)(2), a district court "must make two distinct determinations." *Id.* at 760.  First, the court must substitute the amended guideline range for the original one and determine what sentence it would have imposed, and then, second, it must consider the § 3553(a) factors and determine whether to reduce a defendant's sentence in light of the conclusion reached in step one. *Id.*

In *Johnson*, we held that requests for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1) were sufficiently analogous to § 3582(c)(2) motions to require district courts to consider the § 3553(a) sentencing factors.  *See* 877 F.3d at 997–1000.  We remarked that, for a court to grant early termination, it must make two determinations: first, that the defendant completed a year of supervised release as required by the statute; and second, that the § 3553(a) factors counsel in favor of granting relief.  *Id.* at 997–98.

Finally, in *Jones*, we applied the same two-part analysis as in *Gonzalez* to determine whether four defendants were entitled to relief under Section 404(b) of the First Step Act.  First, we determined which of the four defendants were sentenced for a "covered offense" with a penalty making them eligible for relief.  962 F.3d at 1301–1303.  Second, and only after determining that two of the four defendants were eligible for relief, we assessed whether the district court abused its discretion when denying them relief.  *Id.* at 1304.

To be sure, the cases that Tinker cites support the contention that to grant statutory relief, all statutory conditions must be satisfied. But none of them addresses—let alone questions—a district court's ability to assume that a condition is satisfied in the first place, or otherwise to assess one necessary condition while skipping over another. Our recent and analogous decision in *Gonzalez* and the resolution of identical issues by our sister circuits convince us that the district court may assume the existence of "extraordinary and compelling reasons" in the § 3582(c)(1)(A) context.

★  ★  ★

For these reasons, we hold that a district court doesn't procedurally err when it denies a request for compassionate release based on the § 3553(a) sentencing factors (or § 1B1.13's policy statement) without first explicitly determining whether the defendant could present "extraordinary and compelling reasons."

## II

Separately, Tinker asserts that the district court erred when analyzing the § 3553(a) factors. Essentially, he contends that the court neglected to consider several important factors when making its determination. These factors include the increased risk Covid-19 posed to Tinker given his medical conditions, the types of sentences available, and evidence of Tinker's post-offense rehabilitation.

We recently held, in an appeal where the government acknowledged that a movant had demonstrated extraordinary and

compelling reasons, that an order granting or denying compassionate release under § 3582(c)(1)(A) must indicate that the district court has considered "all applicable § 3553(a) factors," in addition to the question whether a reduction or release would be consistent with U.S.S.G. § 1B1.13's policy statement. *United States v. Cook*, 998 F.3d 1180, 1184-85 (11th Cir. 2021). While a "district court need not exhaustively analyze" each § 3553(a) factor or articulate its findings in great detail, "it must provide enough analysis that meaningful appellate review of the factors' application can take place." *Id.* at 1184–85 (quotation marks omitted).

"The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

In situations where consideration of the § 3553(a) factors is mandatory, district courts needn't address "each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient. *Id.* at 1354–55. A sentence may be affirmed so long as the record indicates that the district court

considered "a number of" the factors such as the "nature and circumstances of the offense," the defendant's history of recidivism, and the types of sentences available. *See United States v. Dorman*, 488 F.3d 936, 944–45 (11th Cir. 2007) (affirming defendant's sentence because although the district court didn't discuss each of the sentencing factors, the record showed that it considered several of them).

Tinker's contention that the district court erred in its assessment of the § 3553(a) factors is meritless, and his reliance on *Cook* is misplaced. Contrary to Tinker's assertions, the district court was not required to expressly discuss all of his mitigating evidence regarding Covid-19 and his medical conditions, or even every § 3553(a) sentencing factor. *See Taylor*, 997 F.3d at 1354. Furthermore, *Cook* doesn't hold that district courts must address every § 3553(a) factor or every argument in mitigation. To the contrary, *Cook* itself recognizes that district courts are *not* required to do so. *See* 998 F.3d at 1184. Here, the district court provided a thorough discussion of several § 3553(a) factors and emphasized Tinker's extensive criminal history and the need to protect the public, which was within its discretion to do. [Doc. 72] It also acknowledged the parties' filings [*Id.*], which discussed at length the factors that Tinker contends the district court ignored.

For the foregoing reasons, the district court did not abuse its discretion in weighing the § 3553(a) factors.

★   ★   ★

The district court did not procedurally err when it assumed, without explicitly finding, that Tinker could present "extraordinary and compelling reasons" before denying his motion based on the § 3553(a) sentencing factors and § 1B1.13's policy statement. And the district court did not abuse its discretion when it weighed the § 3553(a) factors. Accordingly, we **AFFIRM**.