[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14478

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GEORGE RILEY, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:00-cr-00038-PGB-DCI-1

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

George Riley, III, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018. Because the district court did not err or abuse its discretion in weighing the 18 U.S.C. § 3553(a) sentencing factors, we affirm.

In 1999, Mr. Riley carjacked a young woman at gunpoint, took her hostage, and then robbed a bank. Less than a year later, he and several other people attempted to rob a bank before fleeing the scene. In 2001, a jury convicted Mr. Riley of one count of carjacking, one count of possessing a firearm in relation to and furtherance of the carjacking, one count of armed bank robbery, one count of possessing a firearm in relation to and furtherance of the armed bank robbery, one count of attempted armed bank robbery, and one count of possessing a firearm in relation to and in furtherance of the attempted armed bank robbery. The district court sentenced Mr. Riley to a total of 84 years and 3 months' imprisonment, the maximum sentence within the sentencing guidelines range.

In 2020, after serving about twenty years of his sentence, Mr. Riley filed a motion in the district court for compassionate release under § 3582(c)(1)(A). Mr. Riley argued that his total sentence should be reduced because two extraordinary and compelling reasons existed. First, he argued that a change in the law—18 U.S.C.

§ 924(c), which had required a 57-year mandatory minimum sentence for him, was amended after his sentence so that he would have been subject to a shorter mandatory minimum had he been sentenced today—was an extraordinary and compelling reason warranting a sentence reduction.  Second, he argued that his medical conditions—chronic kidney disease, hypertension, and prediabetes—increased his risk of serious illness during the COVID-19 pandemic and constituted another extraordinary and compelling reason to reduce his sentence.  He also maintained that under the § 3553(a) sentencing factors, his nonviolent behavior and educational pursuits while incarcerated supported a sentence reduction.

The district court denied Mr. Riley's motion, finding that the 3553(a) factors did not weigh in favor of release.  It reasoned that the length of Mr. Riley's sentence was "necessary to reflect the seriousness of the . . . offense conduct, to promote respect for the law, to provide just punishment, and to protect the public from harm."

Mr. Riley now appeals the district court's denial of compassionate release.  He argues that the district court erred by failing to consider his proposed extraordinary and compelling reasons for a sentence reduction.  He also argues that the district court abused its discretion by denying his motion for a sentence reduction without appropriately considering the § 3553(a) factors in the light of his lack of recent violent incidents, his completed educational courses, and the change in § 924(c).  The government responds that the district court did not abuse its discretion in denying Mr. Riley's

compassionate release motion because it adequately assessed the § 3553(a) factors.

We review *de novo* a district court's determination of a defendant's eligibility for a § 3582(c) sentence reduction. *See United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review for abuse of discretion a district court's denial of a defendant's § 3582(c)(1)(A) motion. *See id.*

Compassionate release, an exception to the general rule that "[t]he court may not modify a term of imprisonment once it has been imposed," allows a court to "reduce the term of imprisonment" if certain conditions are satisfied. 18 U.S.C. § 3582(c). A district court "may reduce the term of imprisonment" if (1) the sentencing factors in § 3553(a) weigh in favor, (2) the reduction is consistent with applicable policy statements by the Sentencing Commission, and (3) "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). *See also United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The applicable policy statement requires that the court determine that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. The factors set forth in § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to pro-
mote respect for the law, and to provide just punish-
ment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the
defendant; and

(D) to provide the defendant with needed educational
or vocational training, medical care, or other correc-
tional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a). Because all three conditions are necessary, "the
absence of even one would foreclose a sentence reduction."
*Tinker,* 14 F.4th at 1237–38.

Mr. Riley's argument that the district court did not properly
consider the § 3553(a) factors fails because the court explicitly ana-
lyzed them and found that they did not favor a sentence reduction.
Contrary to what Mr. Riley argues, the district court clearly con-
sidered the change in the sentencing law, as well as Mr. Riley's of-
fense conduct, his age at the time of his offense conduct, the length
of the sentence, and his medical conditions. Still, the district court
concluded that the "long" sentence was "necessary to reflect the
seriousness of [his] offense conduct, to promote respect for the law,
to provide just punishment, and to protect the public from harm"
because Mr. Riley had "showed complete disregard for human life,
and he [had] not hesitate[d] to take a young woman hostage at gun-
point." This was sufficient consideration of the § 3553(a) factors,

even though the court did not address Mr. Riley's argument regarding his post-sentencing behavior. *See United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc) (holding that the court need not respond to every argument made if the context and record show its reasoning).

Further, because the district court found that the § 3553(a) factors did not favor sentence reduction, Mr. Riley's argument that the district court erred by not considering his extraordinary and compelling reasons for reduction also fails. Once the district court determined that the § 3553(a) factors did not weigh in Mr. Riley's favor for a sentence reduction, it was not required to analyze whether he met the other criteria for relief, such as whether extraordinary and compelling reasons exist. Because all three conditions must be met to reduce his sentence and "at least one of the compassionate-release conditions was not satisfied, it cannot—as either a syntactical or logical matter—have been error for the district court to skip assessment of another condition." *Tinker*, 14 F.4th at 1238.

In sum, the district court did not commit any reversible error when it denied Mr. Riley's motion for compassionate release based upon its finding that the § 3553(a) factors did not weigh in favor of a sentence reduction. We affirm the denial of Mr. Riley's motion for compassionate release.

**AFFIRMED.**