[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10005

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS FRANCISCO ALVAREZ-RODRIGUEZ,
a.k.a. Corbata,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cr-20618-FAM-4

_____

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Carlos Alvarez-Rodriguez appeals the district court's denial of his motion for a reduced sentence. We affirm.

Alvarez-Rodriguez pleaded guilty to conspiring to possess with the intent to distribute five or more kilograms of cocaine. Alvarez-Rodriguez's base offense level was thirty-eight, but a "safety-valve" provision reduced it by two levels. Because he pleaded guilty, the offense level was reduced by another three levels for acceptance of responsibility, making his final offense level thirty-three and his advisory guideline range 135 months to 168 months' imprisonment.

While addressing the district court, though, Alvarez-Rodriguez minimized his role in the drug-smuggling operation, which the district court described as "backpedaling." Before imposing a sentence, the district court said that "based upon what the defendant [was] saying, [it] would be within the law to take away the acceptance of responsibility downward adjustment." But it "would not do that," the district court explained, "because [Alvarez-Rodriguez] accepted responsibility at the time of the guilty plea." The district court denied Alvarez-Rodriguez's motion for a downward variance and gave him a bottom-of-the-guidelines sentence of 135 months' imprisonment. In its statement of reasons, the district court marked that it had accepted the presentencing investigation

report—which included the three-level acceptance of responsibility reduction—without change.  Alvarez-Rodriguez did not appeal.

Three years later, Alvarez-Rodriguez moved to reduce his sentence because he accepted responsibility.  Although he said, several times, that his motion should not be construed as one under section 2255, Alvarez-Rodriguez argued that his lawyer was ineffective by failing to ensure proper application of the reduction.  As relief, Alvarez-Rodriguez requested that his sentence be reduced to time served to address the disparity between his sentence and his codefendants' sentences.

The government opposed Alvarez-Rodriguez's request.  First, the government contended that the district court should treat Alvarez-Rodriguez's motion as a motion to vacate under 28 U.S.C. section 2255 and deny it as untimely.  Second, it argued that Alvarez-Rodriguez's motion was moot because he had already received the three-level reduction for acceptance of responsibility.  Third, the government responded that the district court lacked authority under section 3582(c) to reduce Alvarez-Rodriguez's sentence.  The district court adopted the government's response and denied the motion.

On appeal, Alvarez-Rodriguez contends that the district court erred in denying his motion because he was eligible for a

reduced sentence under the First Step Act.[1] Alvarez-Rodriguez argues that his sentence should have been reduced because he accepted responsibility and to address the unwarranted sentencing disparity between him and his codefendants. But neither argument provides a basis to reduce his sentence under the First Step Act.

Generally, there are two ways to get a sentence reduction under the First Step Act. In the first way, a defendant sentenced before August 3, 2010 for certain crack cocaine offenses may be eligible for a reduced sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b)–(c), 132 Stat. 5194, 5222 (2018) ("A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."). But Alvarez-Rodriguez isn't eligible for a sentence reduction under this part of the First Step Act because he was not sentenced for a crack cocaine offense and he was not sentenced before August 3, 2010. Alvarez-Rodriguez was sentenced for a powder cocaine offense and he was sentenced in May 2016.

In the second way, "a district court may reduce a term of imprisonment if (1) the [section] 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the

---

[1] We review de novo "whether a district court had the authority to modify a [defendant's] term of imprisonment" under the First Step Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).

community within the meaning of [section] 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). But "extraordinary and compelling" reasons are limited to those consistent with the policy statement in section 1B1.13 of the sentencing guidelines. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) ("[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). And Alvarez-Rodriguez's reasons for a reduced sentence—acceptance of responsibility and an unwarranted sentencing disparity between codefendants—are not consistent with section 1B1.13. *See* U.S.S.G. § 1B1.13 (listing medical condition, advanced age, family circumstances, and other reasons as determined by the Director of the Bureau of Prisons).

Either way, Alvarez-Rodriguez was not eligible under the First Step Act for a sentence reduction. And, because Alvarez-Rodriguez was not eligible under the First Step Act, we affirm the district court's order denying his sentence reduction motion.

**AFFIRMED.**