NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1388
_____

UNITED STATES OF AMERICA

v.

GREGORY A. JONES,
                                            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-16-cr-00516-001)
District Judge:  Honorable Kevin McNulty

_____

Submitted for Possible Dismissal as Untimely and on
Appellee's Motion to Dismiss or for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2022


Before:  JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed: July 18, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gregory Jones, a federal prisoner who has served approximately half of a 240-month sentence for bank robbery and firearms convictions, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that his medical conditions and age made him susceptible to complications from COVID-19. The District Court denied his motion, concluding that Jones did not show extraordinary and compelling reasons for release, but that, even if he had, release was not appropriate upon consideration of the traditional sentencing factors of 18 U.S.C. §3553(a). Jones appeals.

The Government initially moved to have this appeal dismissed as untimely, while requesting, in the alternative, that we summarily affirm the District Court's judgment. The Government has since asked that we summarily affirm instead of ruling on the non-jurisdictional timeliness issue. Because no substantial issue is presented by this appeal, we grant the Government's motion to summarily affirm, and we affirm the District Court's judgment entered on February 4, 2022. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

We review the District Court's denial of compassionate release, including its weighing of the § 3553(a) factors, for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021); United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Under that standard, "we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Andrews, 12 F.4th at 259 (quotation marks and alteration omitted).

We need not review the District Court's conclusion that Jones did not show extraordinary and compelling reasons for release, because the conclusion that release is not warranted upon review of the § 3553(a) factors is sufficient to support the District Court's ruling in this case. See United States v. Tinker, 14 F.4th 1234, 1238-39 (11th Cir. 2021) (per curiam). In weighing the § 3553(a) sentencing factors, the District Court relied on Jones's criminal history, the serious nature of his crime, the length of the sentence remaining to be served, and the need to promote respect for the law and provide just punishment for the offense. The Court also noted that, when sentencing Jones, it had departed downward substantially—ten years below the bottom of the Guidelines range— in consideration of his age and the medical conditions detailed in his motion for compassionate release. These were relevant considerations, see Pawlowski, 967 F.3d at 330-31; 18 U.S.C. § 3553(a)(2)(A), (a)(6); United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence"), and we cannot say that the District Court erred in relying on them. For these reasons, the Government's motion for summary affirmance is granted, and the judgment of the District Court is affirmed.