**ALD-206**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2129
_____

UNITED STATES OF AMERICA

v.

JIHAD GARRETT,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-18-cr-00125-001)
District Judge:  Honorable William J. Martini

_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2022

Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: August 10, 2022)
_____

**OPINION**[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Federal prisoner Jihad Garrett appeals from an order of the District Court denying his motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's order.

In 2019, Garrett was convicted, upon a jury verdict, of (1) possession of a firearm by a convicted felon, (2) possession with intent to distribute heroin, and (3) carrying a firearm during a drug trafficking crime. He was sentenced to an aggregate prison term of 110 months. According to the Bureau of Prisons, Garrett has a release date of June 7, 2026.

As relevant to this appeal, Garrett filed a pro se motion for compassionate release on April 4, 2022, contending that his health conditions—obesity, hypertension, and irregular heartbeat—and his long-term symptoms from contracting COVID-19 made him susceptible to further complications if he contracted the virus again. The District Court denied Garrett's motion, finding that his health conditions did not present an extraordinary circumstance and that, in any event, the weighing of the 18 U.S.C. § 3553(a) factors precluded his release. Garrett appealed. Because the appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of compassionate release, including its weighing of the § 3553(a) factors, for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021);

2

United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Under that standard, "we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Andrews, 12 F.4th at 259 (quotation marks and alteration omitted).

We need not review the District Court's conclusions as to whether Garrett showed extraordinary and compelling reasons for release, because the conclusion that release is not warranted upon review of the § 3553(a) factors is sufficient to support the District Court's rulings in this case. See United States v. Tinker, 14 F.4th 1234, 1238-39 (11th Cir. 2021) (per curiam). In weighing the § 3553(a) sentencing factors, the District Court noted that Garrett had served only about 50 months of his 110-month sentence and concluded that releasing him would diminish the seriousness of his offenses and fail to promote respect for the law. See Pawlowski, 967 F.3d at 330-31. These were relevant considerations, see 18 U.S.C. § 3553(a)(2)(A), and we cannot say that the District Court erred in relying on them. See United States v. Chambliss, 948 F.3d 691 (5th Cir. 2020) (holding that court did not err in denying compassionate release where defendant had served 14 years of his 30-year sentence for drug trafficking offenses). Contrary to Garrett's contention on appeal, the Government was not required to raise its arguments in favor of summary action first in the District Court. We will therefore affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.