[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13344

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MATTHEW JOSEPH ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:09-cr-14016-KMM-2

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Matthew Anderson appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act.[1] He first argues that *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), was wrongly decided. He then argues that interpreting 28 U.S.C. § 994(t) as granting the U.S. Sentencing Commission the exclusive power to define "extraordinary and compelling reasons" for compassionate release creates an unconstitutional delegation of legislative power. He further argues that delegating to the Bureau of Prisons the authority to describe "other reasons" for compassionate release is an unconstitutional sub-delegation.

We need not consider the merits of these arguments because Anderson failed to sufficiently challenge the district court's independent grounds for denying his motion for compassionate release. "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (alteration and quotation marks omitted).

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

The sentencing statute provides that the court "may reduce the term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable if it finds that [] extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). To grant a reduction under § 3582(c)(1)(A), then, district courts must find that the reduction (1) finds "support in the § 3553(a) factors," (2) is based on "extraordinary and compelling reasons," and (3) adheres to § 1B1.13's policy statement. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

Anderson failed to argue in his initial brief that the district court abused its discretion when it made its alternative finding that his motion for a sentence reduction was not supported by the § 3553(a) factors. Although he argues in his reply brief that the district court's § 3553(a) finding is insufficient for appellate review, we will not consider issues raised for the first time in a reply brief. *United States v. Magluta*, 418 F.3d 1166, 1185 (11th Cir. 2005).

Accordingly, we may affirm on the unchallenged ground and need not reach the issue of whether *Bryant* was wrongly decided or the constitutionality of 28 U.S.C. § 994(t) as interpreted by this Court.

**AFFIRMED.**