[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12514

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

_versus_

GEORGE EVANGELISTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cr-60152-RKA-1

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

George Evangelista, a federal prisoner, appeals the district court order denying his motion for compassionate release. The government, in turn, moves for summary affirmance and to stay the briefing schedule. We grant the government's motion for summary affirmance.

I.

Evangelista pled guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine. The district court sentenced him to 120 months' imprisonment.

In September 2020, Evangelista filed a motion for compassionate release, asking the district court to reduce his custodial sentence to time served. Evangelista requested a sentence reduction because he had preexisting medical conditions that put him at a greater risk of developing severe health consequences if he contracted COVID-19.

In his motion, Evangelista urged the court to exercise its discretion to reduce his sentence because he had been rehabilitated while incarcerated. To support his position, Evangelista presented evidence showing that he had completed a drug treatment program and courses in parenting and financial management while incarcerated. Evangelista also told the court about how he volunteered to tutor inmates who were learning English. Evangelista

also described how, if released, he would be able to live with his mother and had a job as a floor installer waiting for him.

Approximately two years after Evangelista filed his motion for compassionate release, the district court denied it. The district court gave several reasons for denying the motion. For one, the district court found that a sentence reduction was unwarranted based on the sentencing factors set forth at 18 U.S.C. § 3553(a).[1] Regarding the § 3553(a) factors, the court explained that a reduction was unwarranted given the nature and circumstances of Evangelista's underlying offense, his criminal history, and the need to provide adequate deterrence. The district court acknowledged Evangelista's evidence and arguments that he had been rehabilitated while incarcerated but ultimately decided that the § 3553(a) factors did not support a reduction.

---

[1] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

This is Evangelista's appeal. After Evangelista filed his appellant's brief, the government moved for summary affirmance.

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). After eligibility is established, we review for abuse of discretion a district court's denial of a defendant's request for a sentence reduction. *Id.*

## III.

A district court has no inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). As relevant here, a district court may reduce a defendant's

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

sentence when: (1) there are "extraordinary and compelling reasons" for a reduction, (2) the factors set forth at 18 U.S.C. § 3553(a) favor a reduction, and (3) awarding a reduction is consistent with the policy statement set forth at U.S.S.G. § 1B1.13. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A). If the district court finds that the defendant failed to satisfy any one of these requirements, it cannot grant relief and need not analyze the other requirements. *Tinker*, 14 F4th at 1238.

Here, we agree with the government that summary affirmance is appropriate. There is no substantial question that the district court acted within its discretion when it concluded that the § 3553(a) factors did not support a sentence reduction.

Evangelista says that the district court abused its discretion in analyzing the § 3553(a) factors because the district court failed to consider, and did not even mention, the evidence he presented of his rehabilitation while incarcerated. We disagree. The district court's order reflects that in weighing the § 3553(a) factors, the court considered Evangelista's argument that he had been rehabilitated as well as his supporting evidence.

Furthermore, we cannot say that the district court abused its discretion when it weighed the § 3553(a) factors and concluded that no reduction was warranted. "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). And the district court's order reflects that in weighing the § 3553(a) factors, it chose to give particular weight to the nature

and circumstances of the offense, Evangelista's history and characteristics, and the need to afford adequate deterrence. This was not an abuse of discretion.

We conclude that summary affirmance is warranted because the government's position that the district court did not abuse its discretion in weighing the § 3553(a) factors is clearly correct as a matter of law. Accordingly, we **GRANT** the government's motion for summary affirmance and **DENY** its motion to stay the briefing schedule as moot. *Groendyke Transp., Inc.*, 406 F.2d at 1162; *see also* 11th Cir. R. 31-1(c).