[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12527

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTONIO W. SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 3:03-cr-00011-DHB-BKE-1

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

Antonio Smith, proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred by determining that he had not shown an extraordinary and compelling reason for release and that the 18 U.S.C. § 3553(a) factors did not favor his release. The district court's § 3553(a) analysis was not an abuse of discretion, and we therefore affirm.

## I

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One such statute is § 3582(c)(1)(A), which permits district courts to reduce a term of imprisonment "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and, as relevant here, (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). A district court may consider these three prerequisites in any order—and a defendant's failure to satisfy any one of the three forecloses a compassionate-release sentence reduction. *See id.* at 1237–38.

24-12527                Opinion of the Court                3

In this case, we begin and end with the first prerequisite: whether the § 3553(a) sentencing factors favor compassionate release.[1]  Factors under § 3553(a) that the district court must consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence.  18 U.S.C. § 3553(a).  Still, the district court need not expressly address each of the § 3553(a) factors or all the mitigating evidence.  *Tinker*, 14 F.4th at 1241.  An acknowledgment that the court considered all applicable § 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient.  *Id.* at 1240–41 (citation and quotation marks omitted).  Just how much weight to give each § 3553(a) factor is committed to the district court's discretion.  *Id.* at 1241.

The district court did not abuse its discretion by determining that the § 3553(a) factors weighed against granting Smith's compassionate-release motion.  The district court, which was also the sentencing court and was familiar with Smith's case, stated that it had again reviewed Smith's checkered criminal history, including violence against a girlfriend, escape from jail, armed robbery, and arrest while on probation, in addition to the violent actions underlying Smith's offense of conviction.  Based on that analysis, the district court concluded that the § 3553(a) factors weighed against

---

[1] "We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion."  *Tinker*, 14 F.4th at 1237 n.1.

release. These were factors that the district court was permitted to consider and which were supported by the facts in the record. The district court had discretion to decide how much weight to assign each § 3553(a) factor, and it did not abuse its discretion in reasoning that Smith's original sentence reflected the seriousness of the offense, promoted respect for the law, provided just punishment, and afforded adequate deterrence. *See id.* at 1240–41.

We do not (and need not) consider any of the alternative grounds that the district court provided for denying Smith's motion. It's enough that the court's § 3553(a) conclusion wasn't an abuse of discretion. *See id.* at 1237–38.

## II

For the foregoing reasons we hold that the district court did not abuse its discretion by concluding that, here, the § 3553(a) sentencing factors do not favor compassionate release.

**AFFIRMED.**