**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11359

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOHNATHAN HAWTHORNE,
a.k.a. Jonathan Waldon Hawthorne,
a.k.a. Moose,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20611-WPD-1

————————————————

Before NEWSOM, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

Johnathan Hawthorne, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Hawthorne contends that the district court should have granted him a sentence reduction under U.S.S.G. § 1B1.13(b)(6) because he is serving an unusually long sentence.  Alternatively, he argues that the district court failed to conduct an individualized analysis of his case.

## I.

Hawthorne is currently serving a 480-month sentence on his conviction for possessing a firearm and ammunition as a convicted felon.  He challenged his convictions and sentence on direct appeal, and we affirmed.  *See United States v. Hawthrone*, 759 F. App'x 765, 772 (11th Cir. 2018).[1]  Because Hawthorne had a prior conviction for a violent felony and two prior convictions for serious drug offenses that qualified as predicate offenses under the Armed Career Criminal Act, we concluded that the district court had not erred in sentencing him as an armed career criminal. *See id.* at 771.

We also rejected Hawthorne's contention that his sentence was substantively unreasonable, noting the district court's "heavy emphasis on the need to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from Hawthorne's further crimes."  *Id.* at 772. We considered the district court's attention to the details of the offense.  *See id.* Hawthorne

---

[1] We noted that although the case is styled "Hawthrone," counsel stated at oral argument that the correct spelling is Hawthorne. *See Hawthrone*, 759 F. App'x at 767 n.1.

25-11359                Opinion of the Court                3

had used a two-year-old child "as a human shield while brandishing a pistol," and he had concealed a rifle which he then drew and fired "in the presence of at least five children." *Id.* We held that his 480-month sentence was substantively reasonable. *See id.*

## II.

In 2025 Hawthorne filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which allows defendants to seek a reduction in their term of imprisonment, but only if certain requirements are met. Hawthorne argued that he was entitled to a sentence reduction because he was serving an "unusually long sentence," and he met the requirements of U.S.S.G. § 1B1.13(b)(6). That provision states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). The defendant bears the burden of establishing that he is entitled to a sentence reduction. *See United States*

*v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that a defendant bears the burden of establishing that a retroactive amendment lowered his guideline range).

A district court may grant a § 3582(c)(1)(A) motion for a reduced sentence if: (1) there is an extraordinary and compelling reason to do so; (2) a sentence reduction would not endanger any person or the community; and (3) the 18 U.S.C. § 3553(a) factors weigh in favor of a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If any one of those three conditions is not satisfied, a sentence reduction is "foreclose[d]." *Id.* at 1237–38. When a district court assumes a defendant's eligibility for relief under 18 U.S.C. § 3582(c)(1)(A) but nonetheless denies relief, we review that decision for an abuse of discretion. *See id.* at 1238–39.

Hawthorne identified no change in the law that would entitle him to a sentence reduction, *see* U.S.S.G. § 1B1.13(b)(6), but the district court assumed that Hawthorne was eligible for the relief he sought and declined to exercise its discretion to grant it. The court considered the 18 U.S.C. § 3553(a) factors and the mitigating factors that Hawthorne had asserted and determined that no extraordinary and compelling reason warranted a sentence reduction.

The court found that a sentence reduction "would not promote respect for the law or act as a deterrent" and "would not protect the public from future harm." It noted that Hawthorne had 13 prior felony convictions, 20 prior misdemeanor convictions, and "disciplinary actions" during his time in federal prison. And, when

committing the firearm offense that led to his 480-month sentence, he had "used a child as a human shield."

The district court did not abuse its discretion in weighing the § 3553(a) factors and denying Hawthorne a sentence reduction under § 3582(c)(1)(A). *See Tinker*, 14 F.4th at 1241.

**AFFIRMED.**