**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12775

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS AGUIAR PARADA,
a.k.a. JC,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60213-RS-3

————————————

Before BRANCH, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Carlos Aguiar Parada, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release,

pursuant to 18 U.S.C. § 3582(c)(1)(A).  After careful review, and in light of intervening case law, we vacate and remand for further proceedings.

Aguiar Parada filed his motion for compassionate release in June 2024 and contended that he was eligible for four reasons: (1) his medical conditions; (2) sentencing disparities; (3) his rehabilitation; and, most relevantly, (4) because he was the "only viable" caregiver for his ill brother.  *See* U.S.S.G § 1B1.13(b)(3)(C)–(D) (explaining that a defendant can show an "extraordinary and compelling reason[]" for compassionate release where "the defendant would be the *only available caregiver*" for an immediate family member (emphasis added)).  After briefing, the district court denied Aguiar Parada's motion in a paperless order.  The court's order states that Aguiar Parada "ha[d] not shown 'extraordinary and compelling reasons' warranting a sentence reduction."[1]  Aguiar Parada appealed.

While Aguiar Parada's appeal was pending, we issued an opinion in *United States v. Robelo-Galo*, which is relevant to this case. 166 F.4th 1311, 1313 (11th Cir. 2026).  In *Robelo-Galo*, we answered "a question of first impression: what does it mean for an inmate to be the 'only available caregiver'" under U.S.S.G. § 1B1.13(b)(3).  *Id.* We rejected the government's reading of § 1B1.13(b)(3)—that "any

---

[1] Section 3582(c)(1) gives district courts authority to reduce a defendant's sentence when three conditions have been met.  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).  Because the district court only ruled on the "extraordinary and compelling" condition, we do not address the others here.

potential caregiver who is not himself 'incapacitated' is necessarily 'available'"—and held that "an inmate must demonstrate that no other person is *qualified* and *free* to provide the needed care." *Id.* at 1313, 1315 (emphasis in original). We explained that this requires a "fact-intensive inquiry" that "will turn on the unique facts of a particular case." *Id.* at 1313, 1316. We provided a "non-exhaustive list" of five factors "that district courts should consider in determining whether a potential caregiver is qualified and free." *Id.* at 1316–17. Finally, we held that a district court's decision as to whether a defendant is the "only available caregiver" under U.S.S.G. § 1B1.13(b)(3) is primarily a factual inquiry that we review only for clear error. *See id.* at 1316.

We often remand when intervening authority alters or clarifies the relevant legal standard. *See, e.g., Powell v. Sch. Bd. of Volusia Cnty.*, 86 F.4th 881, 883 (11th Cir. 2023) (remanding in light of intervening Supreme Court authority); *United States v. Republic of Honduras*, 75 F.4th 1288, 1289 (11th Cir. 2023) (*en banc*) (same). This is because, even if the change in law does not establish clearly whether the district court erred, we are "a court of review, not a court of first view." *Callahan v. U.S. Dep't of Health & Hum. Servs. ex rel. Azar*, 939 F.3d 1251, 1266 (11th Cir. 2019).

In light of *Robelo-Galo*, we vacate and remand for further proceedings. We do so given our explanation of the meaning of "only available caregiver" under U.S.S.G § 1B1.13(b)(3), and our holding that the relevant analysis requires a "fact-intensive inquiry." *Robelo-Galo*, 166 F.4th at 1316; *see Guevara v. Lafise Corp.*, 127 F.4th

824, 832 (11th Cir. 2025) (remanding where district court "failed to provide a sufficient explanation to support its ruling"); *United States v. Noriega*, 676 F.3d 1252, 1263 (11th Cir. 2012) (explaining that we will not make factual findings in the first instance).

We express no opinion on whether Aguiar Parada is, ultimately, eligible for a sentence reduction.[2]  However, for the reasons explained, we vacate and remand for further proceedings.

**VACATED AND REMANDED.**

---

[2] As noted above, the district court did not analyze whether either of the other two prongs of the compassionate release inquiry were met, so we also express no view on whether those have been satisfied.  *Tinker*, 14 F.4th at 1237 ("Because all three conditions [within § 3582(c)(1)(A)] are necessary, the absence of even one would foreclose a sentence reduction.").