**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-13198

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSIAH BENNETT,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cr-60084-MD-1

————————————————

Before LUCK, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Josiah Bennett appeals his total sentence of 190 months' imprisonment with 3 years of supervised release for carjacking and using a firearm in relation to a crime of violence. Bennett argues that the district court imposed a substantively unreasonable sentence by disregarding his need for rehabilitation, imposing a sentence that was greater than necessary, and giving insufficient weight to his mitigating evidence, such as his young age, traumatic childhood, and vulnerability to violence while incarcerated. Having reviewed the record and read the parties' briefs, we affirm Bennett's sentence.

## I.

We lack jurisdiction to review the merits of a district court's refusal to grant a downward departure where it understood its authority to depart downward but chose not to depart. *United States v. Rodriguez*, 34 F.4th 961, 975 (11th Cir. 2022). When nothing in the record indicates otherwise, we will assume that the district court understood it had the authority to depart downward, thus precluding review. *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006).

When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances and whether the sentence achieves the statutory sentencing purposes stated in 18 U.S.C. § 3553(a) under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The

district court is deemed to have abused its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). The party challenging the sentence bears the burden to show that it is unreasonable considering the record and the factors in 18 U.S.C. § 3553(a). *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

## II.

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2), including the need to reflect the seriousness of the offense, promote the respect for the law, provide punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range and any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . .." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted). The district court may "attach great weight" to

any single factor or combination of factors. *United States v. Over-street*, 713 F.3d 627, 638 (11th Cir. 2013) (quotation marks omitted). "A district court's failure to specifically mention certain mitigating factors do[es] not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable." *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (quotation marks omitted, alteration in original) (concluding that the district court was not required to explicitly discuss defendant's mitigating evidence). It is sufficient if the district court acknowledges that it considered all applicable § 3553(a) factors and the parties' arguments along with enough analysis to permit meaningful appellate review of the factors' application. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). The district court's refusal to grant a downward variance alone does not demonstrate that it failed to afford consideration to mitigating factors. *United States v. Lebowitz*, 676 F.3d 1000, 1016-17 (11th Cir. 2012).

"We will vacate a sentence as substantively unreasonable only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir. 2022) (quotation marks omitted). While it is not "automatically" presumed that a sentence within the guideline range is reasonable, we "ordinarily expect it to be." *United States v. Castaneda*, 997 F.3d 1318, 1332 (11th

Cir. 2021).  Moreover, "[a] sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).  An appellate court "may not . . . set aside a sentence merely because [it] would have decided that another one is more appropriate." *Irey*, 612 F.3d at 1191.

### III.

Bennett argues that the district court abused its discretion in imposing his sentence because it did not explain why his youth (age 20 at time of the offense) did not meaningfully mitigate culpability or justify a lower sentence.  Bennett contends that his presentence investigation report provided more factual circumstances, such as his abusive parents, his drug addiction at birth, and his psychological disorders, to warrant a downward departure.  Bennett asserts that the district court did not consider his vulnerability to violence while incarcerated, mentioning a broken jaw that he sustained while in a juvenile detention facility.  Bennett claims that the district court did not properly consider this mitigation evidence and failed to conduct an individualized assessment.  Bennett also claims that the district court failed to consider whether his criminal history category overrepresented the seriousness of his criminal history, which primarily consisted of non-violent, juvenile offenses.  In sum, Bennett contends that the resulting total sentence far exceeds what is necessary to reflect the seriousness of the offense,

promote respect for the law, provide just punishment, and protect the public.[1]

In response, the government contends that the district court properly weighed the §3553(a) factors and that the sentence was not greater than necessary to satisfy those factors, was within the low-end of the guideline range, and was below the statutory maximum. The government claims that the district court carefully analyzed the factors and stated that it considered everything in the record, acknowledging Bennett's horrific childhood circumstances and the parental abuse. The government asserts that the district court reasonably concluded that other factors outweighed mitigation and found that Bennett had a significant violent criminal history that warranted a denial of a variance. The government notes that the district court is permitted to weigh the factors as it sees fit, and it properly conducted an individualized assessment based on its consideration of the §3553(a) factors and the totality of the circumstances.

The record demonstrates that the district court did not abuse its discretion nor impose a substantively unreasonable sentence. The district court considered both parties' arguments,

---

[1] Bennett also argues that the district court failed to apply the parsimony principle and account for the impact of the mandatory sentencing enhancements and guideline calculations overstating his culpability. However, we have disapproved the parsimony principle as incomplete because it ignores the part of 18 U.S.C. § 3553(a)(2), which requires district courts to ensure the sentences are sufficiently strong to achieve the goals of sentencing by giving a sentence that is not too long and not too short. *Irey,* 612 F.3d at 1197.

acknowledged Bennett's need for rehabilitation, noted the mitigating evidence and imposed a substantively reasonable sentence. First, the sentences for both counts were well-below the statutory maximums and the sentence for Count 1 fell at the low-end of the guideline range. Second, the record clearly reflects that the district court engaged in sufficient analysis and properly weighed the § 3553(a) factors. Moreover, to the extent that Bennett argues that the factual circumstances warranted a downward departure sentence, we lack jurisdiction to review the merits of a district court's refusal to grant a downward departure when the district court understood its authority to depart but chose not to do so. *Rodriguez*, 34 F.4th at 975. Thus, we conclude that Bennett has not sustained his burden of showing that his sentence is unreasonable considering the record and the sentencing factors.

Accordingly, based on the aforementioned reasons, we affirm Bennett's 190 months' sentence with three years of supervised release.

**AFFIRMED.**