[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11145

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:12-cr-00173-SDM-AAS-1

_____

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Daniel White appeals the district court's orders denying his motion for compassionate release and reconsideration. We affirm.

Since 2016, White has been serving an eighty-four month prison sentence for making false claims to the Internal Revenue Service and aggravated identity theft. Last year, under 18 U.S.C. section 3582(c)(1)(A), he moved for compassionate release because he was "in great risk of contracting Covid-19" and he suffered from "a varicose vein in [his] lower right leg."

The government opposed the motion because: (1) White already had contracted Covid-19 and he "received appropriate medical care"; (2) during White's bout with Covid-19, his "body temperature and oxygen levels were completely normal"; (3) "[t]he mere existence of the Covid-19 pandemic—which pose[d] a general threat to every non-immune person in the country"—was not an extraordinary and compelling reason under guideline section 1B1.13 for granting compassionate release; and (4) White's varicose vein "f[e]ll short of an 'extraordinary and compelling reason' to justify compassionate release." The district court denied White's compassionate release motion for the "reasons sufficiently explained in" the government's "response."

White moved for reconsideration because there was a new Covid-19 outbreak in his housing unit and his varicose vein could

"affect blood that flows to [the] heart and can cause blood clots, which can become deadly." The district court denied White's reconsideration motion because "his varicose veins and his fear of again contracting Covid-19 [did] not present an 'extraordinary and compelling' reason justifying his release."

We review the district court's orders denying compassionate release for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "[D]istrict court[s] ha[ve] no inherent authority to modify a sentence; [they] may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). White moved for compassionate release under section 3582(c)(1)(A), which provides that:

> [T]he court, upon motion of . . . the defendant . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Under section 3582(c)(1)(A), "a district court may reduce a term of imprisonment if (1) the [section] 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and[] . . . (3) doing so wouldn't endanger any person

or the community within the meaning of [guideline section] 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1235 (11th Cir. 2021) (discussing 18 U.S.C. § 3582(c)(1)(A)). "Because all three conditions—*i.e.*, support in the [section] 3553(a) factors, extraordinary and compelling reasons, and adherence to [section] 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237–38.

White argues that the district court abused its discretion in denying his compassionate release motion because the threat of Covid-19, mixed with his varicose veins and prison conditions, were extraordinary and compelling reasons justifying his release. The district court, White contends, should have relied on the Centers for Disease Control and Prevention's guidelines and the Department of Justice's internal guidance rather than on guideline section 1B1.13.

But the district court had to rely on guideline section 1B1.13 because we've said so. "Section 1B1.13's policy statement is applicable to all motions under [section] 3582(c)(1)(A), and, accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [guideline section] 1B1.13." *Id.* at 1237 (quotation omitted). Here, compassionate release would not be consistent with guideline section 1B1.13.

Section 1B1.13 provides that, in some limited circumstances, the defendant's medical condition may be an extraordinary and compelling reason for compassionate release. The defendant has

21-11145                Opinion of the Court                5

to show either that he is:  (1) "suffering from a terminal illness"; or (2) "suffering from a serious physical or medical condition," "a serious functional or cognitive impairment," or he's "experiencing deteriorating physical or mental health because of the aging process," and the condition, impairment, or deterioration "substantially diminishes" his "ability" to "provide self-care" in prison and he "is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

White failed to show that Covid-19 and his varicose veins substantially diminished his ability to provide self-care in prison. He admitted that he did not "require assistance with self-care[,] such as bathing, walking, [and] toileting," and that his medical condition required only that he take acetaminophen and omeprazole and wear an anti-embolism stocking.  And the warden confirmed that White was being treated in prison and that his medical provider "diagnosed [him] with varicose veins," "prescribed [him] acetaminophen for pain relief," and did not recommend surgery.

Even if we relied on the CDC guidelines, as White argues we should, the CDC does not list varicose veins as one of the medical conditions that is more likely to cause a person to get very sick with Covid-19.[1]  *Cf. Harris*, 989 F.3d at 912 (no abuse of discretion in denying compassionate release where defendant's hypertension

---

[1] Centers for Disease Control and Prevention, Covid-19, People with Certain Medical Conditions, *at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#print  (last  visited August 17, 2022).

was a condition that "might" pose an increased risk due to Covid-19 per the Centers for Disease Control and Prevention). This is consistent with White's experience. He already contracted Covid-19 and he had only mild symptoms, even with his varicose veins.

Because White did not show that his medical condition was an extraordinary and compelling reason for compassionate release under guideline section 1B1.13, the district court did not abuse its discretion in denying White's motions.

**AFFIRMED.**