[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14462

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

IVAN RODRIGO CAMPILLO-RESTREPO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:90-cr-10023-JLK-3

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Appellant-Defendant Ivan Rodrigo Campillo-Restrepo, proceeding pro se, appeals the district court's denial of his motion for compassionate release. He argues that because he showed extraordinary and compelling reasons for a sentence reduction, the district court erred by failing to consider the 18 U.S.C. § 3553(a) factors, and the § 3553(a) factors weighed in his favor. We affirm.

I.

In 1991, a jury convicted Mr. Campillo-Restrepo of conspiracy to import cocaine, importation of cocaine, conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine. In 1992, the district court sentenced him to life in prison. In 2020, Mr. Campillo-Restrepo moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

First, Mr. Campillo-Restrepo argued that he was eligible for relief under the "age" category of the application notes to U.S.S.G. § 1B1.13 demonstrating extraordinary and compelling reasons justifying relief because (i) he was turning 70 years old; (ii) he had served approximately 30 years in prison; and (iii) he suffered from chronic or serious medical conditions related to the aging process, i.e., "[s]kin pre-cancer conditions," high blood pressure, prostate problems, arthritis, high cholesterol, eye problems, and other unnamed conditions, which rendered him at higher risk for COVID-

19. Next, he argued that he was eligible for relief under the "other reasons" category—the catch-all provision—for three reasons: (1) he would have faced a substantially lower statutory maximum penalty (20 years' imprisonment) if sentenced today; (2) the grand jury did not charge any specific drug amount in the indictment; and (3) the trial jury did not find any drug amount beyond a reasonable doubt. Then he contended that courts had the authority to reduce sentences based on "'extraordinary and compelling reasons'" other than those listed by the Sentencing Commission. Finally, he argued that the relevant § 3553(a) factors weighed in his favor because he had participated in numerous rehabilitative programs, earned his GED, served as a mental health mentor for more than ten years, been a model inmate, and would have received a lower sentence if sentenced today. He also filed over 200 pages of supporting documentation and medical records.

In a report and recommendation, the magistrate judge recommended that Mr. Campillo-Restrepo's motion be denied. First, the judge found that while Mr. Campillo-Restrepo had met two of the three requirements for the "age" category under U.S.S.G. § 1B1.13 cmt. n.1(B), he had failed to show a serious deterioration in his health. Second, the judge found that the generalized dangers of COVID-19 did not rise to the level of extraordinary and compelling circumstances. Third, the judge found that his arguments under the catch-all "other reasons" provision failed because that provision applied only to Bureau of Prison determinations, and moreover, his argument that the drug amount was never charged in the

indictment nor found by the jury was belied by the record. Finally, the judge concluded that even if Mr. Campillo-Restrepo had shown extraordinary and compelling circumstances, the § 3553(a) factors weighed against his release because he was a major player in a conspiracy to carry 500 kilograms of cocaine into the United States, and the sentencing disparities between him and his co-conspirators were not enough to warrant compassionate release. Thus, his release would not promote respect for the law, provide punishment for his offense, or afford adequate deterrence. Over Mr. Campillo-Restrepo's objection, the district court adopted the R&R and denied his motion.

## II.

We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.*

A district court has no inherent authority to modify a defendant's sentence and may do so only when authorized by a statute or rule. *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). In 2018, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582, to increase the use and transparency of compassionate release of federal prisoners. First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). The statute permits a court to modify a term of imprisonment, after it has been

21-14462                Opinion of the Court                5

imposed, if "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court also finds that

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(1)(A)(i)-(ii).

Because all three necessary conditions—support in the 18 U.S.C. § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement—must be satisfied, the absence of any one condition forecloses a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam). District courts can consider the conditions in any order. *Id.* at 1238.

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1). The application notes to

§ 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons. U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). To demonstrate the existence of extraordinary and compelling reasons under the "age" category, the movant must demonstrate that he "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical and mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1(B). To meet the "other reasons" qualification, the movant must show that, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1(D). District courts do not have discretion under Category (D) to develop other reasons outside of those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *United States v. Bryant*, 996 F.3d 1243, 1263–65 (11th Cir. 2021).

Here, the district court did not abuse its discretion in denying Mr. Campillo-Restrepo's motion for compassionate release. The court considered his role in the drug distribution conspiracy and concluded, specifically citing § 3553(a), that his release would not promote respect for the law, provide punishment for his offense, or afford adequate deterrence. Thus, even if Mr. Campillo-Restrepo had demonstrated the existence of extraordinary and compelling factors, his motion should be denied because the §

3553(a) factors weighed against granting relief. The district court did not apply an incorrect legal standard, follow improper procedures, or make findings of fact that were clearly erroneous. *See Harris*, 989 F.3d at 911. Because support in the § 3553(a) factors is a necessary condition to granting a sentence reduction, and the absence of any one condition forecloses a sentence reduction, *Tinker*, 14 F.4th at 1237–38, the district court did not abuse its discretion in denying Mr. Campillo-Restrepo's motion. Thus, we affirm.

**AFFIRMED.**