[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10312

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JESUS TIJERINA GARZA,
a.k.a. Guero,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:11-cr-00138-TJC-LLL-2

_____

Before WILLIAM PRYOR, Chief Judge, NEWSOM and BRASHER, Circuit Judges.

PER CURIAM:

Jesus Tijerina Garza appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Garza failed to identify an extraordinary or compelling reason to reduce his sentence, U.S.S.G. § 1B1.13, and, in the alternative, that the statutory sentencing factors weighed against granting his motion, 18 U.S.C. § 3553. We affirm.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* at 911 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

A district "court may not modify a term of imprisonment once it has been imposed" except in specified circumstances. 18 U.S.C. § 3582(c); *see United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). Section 3582(c), as amended by the First Step Act, gives the district court discretion to "reduce the term of

imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if a reduction is warranted for "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The district court may deny a motion to reduce on either ground. *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

We need not address whether the statutory sentencing factors weighed in favor of reducing Garza's sentence because we can affirm on the alternative ground that he failed to establish an extraordinary and compelling reason to justify an early release. Garza argued that his age of 63 and medical conditions of diabetes, high cholesterol, hypertension, obesity, and hypertensive heart disease increased his chance of medical complications from COVID-19. But the district court found that Garza submitted "no evidence that [his] medical conditions [were] terminal" or that they substantially diminished his ability to care for himself in prison and that he was too young to qualify for relief based on his age. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)&(B). The district court also reasonably disregarded Garza's concerns about the detrimental effects of COVID-19 because he had contracted that virus in January 2021 and recovered without complication and he had received both doses of the Moderna vaccine. The district court did not abuse its discretion by denying Garza's motion for compassionate release.

We **AFFIRM** the denial of Garza's motion for compassionate release.