[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-10851

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HOWARD DEWAYNE LAWSON,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:16-cr-00163-RAL-AAS-1

————————————

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Howard Dewayne Lawson, a federal prisoner proceeding *pro se*, is serving a 180-month sentence as an armed career criminal for possessing a firearm as a convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(e)(1). He appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. He argues that the district court abused its discretion in denying his motion because he established extraordinary and compelling circumstances warranting relief based on the ongoing threats from, and the BOP's inadequate response to, the COVID-19 pandemic, combined with the BOP's negligence in treating his pre-existing health conditions, including high blood pressure and paraplegia. He further argues that the 18 U.S.C. § 3553(a) factors weigh in favor of compassionate release because of his good conduct while incarcerated and that, given his paraplegia and the minor threat he poses to the public, he should be released. Because the district court acted within its discretion in denying Mr. Lawson's motion, we affirm.

We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *See Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015). A district court abuses its discretion when it "applies an incorrect legal standard, applies the law in an unreasonable

or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Id.* (citation omitted).

A district court has no inherent authority to modify a defendant's sentence, and it may do so only when authorized by a statute or rule. *See United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Under § 3582(c), a court may not modify a term of imprisonment once it has been imposed except under certain circumstances.

In the context of compassionate release, the statute provides that:

> [T]he court, upon . . . motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the [W]arden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction.

§ 3582(c)(1)(A)(i).

Any sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission. *See* § 3582(c)(1)(A), (2). As relevant here, § 1B1.13 of the Sentencing

Guidelines provides the applicable policy statement for § 3582(c)(1)(A).  *See* U.S.S.G. § 1B1.13.  After considering the § 3553(a) factors, a district court may grant a motion for compassionate release to the extent that (1) extraordinary and compelling reasons warrant the reduction; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) the reduction is consistent with the policy statement within § 1B1.13.  *See* § 1B1.13.

The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition; (B) his age; (C) his family circumstances; and (D) "[o]ther [r]easons."  *See id.*, cmt. (n.1(A)-(D)).  To qualify under subsection (A), the defendant must be currently suffering from either (i) a terminal illness or (ii) a serious condition that substantially diminishes his ability to provide self-care in prison and from which he is not expected to recover.  *See id.*, cmt. (n.1(A)).  Subsection (D) serves as a "catch-all" provision, providing that a prisoner may be eligible for relief if, as determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).  *See id.*, cmt. (n.1(D)).

In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), we concluded that § 1B1.13 is applicable to all motions for compassionate release filed under that statute, including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of

extraordinary and compelling reasons. *See id.* at 1252-62. Next, we concluded that the "catch-all" provision in the commentary to § 1B1.13 did not grant to district courts the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *See id.* at 1248, 1263, 1265.

Under § 3582(c)(2), the district court may, after considering the factors in 18 U.S.C. § 3553(a), "reduce the term of imprisonment . . . to the extent that they are applicable." *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1239 (11th Cir. 2017). In particular, the district court must consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to afford adequate deterrence, protect the public from the defendant's further crimes, and provide the defendant with needed education or treatment; the kinds of sentence and applicable guideline range under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities between similarly situated defendants; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1), (2)(B) (D), (4)-(7), 3582(c)(2). The sentence must also reflect the seriousness of the offense, promote justice for the law, and provide just punishment for the offense. *See* § 3553(a)(2)(A).

In sum, a district court may reduce a term of imprisonment if the § 3553(a) factors favor doing so, there are extraordinary and compelling reasons for doing so, and the reduction would not endanger any person or the community. *See United States v. Tinker*,

14 F.4th 1234, 1237 (11th Cir. 2021). All of these necessary conditions must be satisfied before it can grant a reduction. *See id.* Therefore, the absence of even one condition forecloses a sentence reduction. *See id.* at 1238.

Here, the district court did not err in denying Mr. Lawson's motion for compassionate release. In denying the motion, the district court concluded that Mr. Lawson had not established extraordinary and compelling circumstances justifying compassionate release as required by § 1B1.13 and its accompanying application notes. We agree.

Mr. Lawson has been a paraplegic for over 12 years and has been incarcerated since 2017. Despite alleging for the first time on appeal that the BOP has negligently treated or accommodated his various medical conditions, he provided no evidence to support his contentions, and the record is otherwise silent on the matter. As such, there is no indication that the BOP has, for example, systemically deprived him of medical treatment or been unable to provide him adequate medical care over the last five-plus years. Given his conclusory, non-specific allegations concerning the COVID-19 pandemic, the district court did not abuse its discretion in finding that Mr. Lawson has not established extraordinary and compelling circumstances warranting compassionate release. *See Bryant*, 996 F.3d at 1252; U.S.S.G § 1B1.13.

Additionally, the district court concluded that Mr. Lawson's motion was due to be denied because the § 3553(a) factors counseled against his release. Specifically, the court stated that,

notwithstanding his physical limitations, it would be "derelict in its duty to safeguard the community by granting him early release" given his extensive criminal history. *See* D.E. 55 (paperless order of dismissal). Indeed, according to the PSI, Mr. Lawson has 19 criminal history points and a corresponding criminal history category of VI from numerous drug-related offenses, not including even more unscored offenses spanning nearly 20 years. Moreover, given the 12-year duration of his paraplegia, we can infer that Mr. Lawson committed some of those offenses while disabled, refuting any claim that his condition would curtail the risk of future criminality. Therefore, his lengthy criminal history clearly supports the district court's evaluation of the § 3553(a) factors and alone justified denying him relief. *See Tinker*, 14 F.4th at 1237. Accordingly, the district court acted within its discretion in denying Mr. Lawson's motion for compassionate release.

The district court's order is affirmed.

**AFFIRMED.**