[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11963

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BARRY ADDISON GRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:96-cr-00049-CLS-JHE-1

_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Barry Addison Gray, a federal prisoner proceeding *pro se*, appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018.[1]  Gray argues that the District Court abused its discretion in denying his motion for compassionate release because his advanced age and medical conditions constituted extraordinary and compelling reasons, the applicable 18 U.S.C. § 3553(a) factors supported his release, and he was no longer a danger to the community.  Gray also argues that the District Court abused its discretion in denying his motion for reconsideration.

I.

In 1996, a grand jury in the Northern District of Alabama indicted Barry Addison Gray on five counts, including armed bank robbery, possession of a firearm as a convicted felon, Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery.  Gray pled guilty to bank robbery with a firearm, and the other charges were dismissed.[2]  According to the presentence investigation report (the

---

[1] Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (the "First Step Act").

[2] Gray escaped from the Riverbend Maximum Security Institution Nashville, Tennessee, in 1995; he robbed Compass Bank in Hunstville, Alabama, as well First Interstate Bank in Las Vegas, Nevada, prior to being recaptured.

"PSR"), Gray had a total offense level of 31 and a criminal history category of VI,[3] which resulted in a guideline sentence range between 188 and 235 months. He was sentenced to 235 months on May 27, 1997.[4]

On January 6, 2022, Gray, *pro se*, filed a motion for compassionate release pursuant to the First Step Act in the District Court for the Northern District of Alabama. Gray claimed to have exhausted his administrative remedies, and he described the "massive ongoing COVID-19 viral outbreak" at the United States Penitentiary (the "USP") in Terre Haute, Indiana, where he is imprisoned. Gray tested positive for COVID-19 in August 2020 and claims he was "refused any treatment whatsoever." He claims to suffer long-term symptoms from COVID, such as "breathing difficulty, muscle weakness, and persistent fatigue." He argues that the COVID-19 pandemic is an "extraordinary and compelling" reason for a sentence reduction. Gray further argues that he is a 75-year old man whose health is failing him, and that the 18 U.S.C. § 3553(a)

---

[3] It would be difficult to overstate Gray's criminal history. Since 1968, Gray has spent most of his life in prison for various armed robberies. Each time he has been released—be it on bond, on parole, or by escaping—he committed another armed robbery within a very short period. When he committed the bank robbery for which he is currently imprisoned at USP Terre Haute, he was a fugitive after escaping prison in Nashville, Tennessee, where he was serving two life sentences.

[4] His term of imprisonment was to run concurrently to his undischarged terms of imprisonment for other crimes in Georgia, Tennessee, Florida, and Nevada and was to be followed by three years of supervised release.

sentencing factors support his release, citing a letter of recommendation from a prison employee.

The Government opposed Gray's motion for compassionate release on several grounds. The Government argued that there was no extraordinary or compelling reason to release Gray. According to the Government, Gray had not shown that he had a terminal illness, a condition that impaired his ability to care for himself, or one that places him at an elevated risk for COVID.[5] Further, the Government argued that USP Terre Haute did not have many current cases of COVID. Although Gray is 75 years old, his age alone does not qualify him for compassionate release because he had not shown that he was experiencing a serious deterioration in physical or mental health.

The Government went on to argue that even if extraordinary and compelling reasons existed for Gray's release, he would not qualify for compassionate release because he is still a danger to the community and the § 3553(a) factors do not support his release. According to the Government, the weight of the evidence against Gray was strong, he has an extensive and violent criminal history, and he was put in prison for armed robbery, all factors which point towards him continuing to be a danger to the community. Releasing Gray would not, in the Government's view, reflect the

---

[5] The Government also pointed out that Gray has received three doses of the Pfizer vaccine.

seriousness of his offenses, promote respect for the law, or provide just punishment, as § 3553(a) requires.

The District Court denied Gray's motion "for all the reasons stated in the Government's opposition to" Gray's motion. Order, Doc. 79. Gray filed a motion for reconsideration. He claimed that because the Court denied his motion three days after the Government filed its response, he did not have adequate time to reply. Gray claimed (1) that his hypertension, COPD, hypothyroidism, and diabetes, along with COVID, created an extraordinary and compelling reason for his release; (2) that no authority required him to be terminally ill to obtain release; (3) that his age alone was an extraordinary and compelling reason; and (4) that he is not a danger to the community. The Government responded by "restating all the reasons contained in [its original] response," and arguing that Gray had not raised any new issues or arguments in his motion for reconsideration.

The District Court denied Gray's motion for reconsideration because Gray "failed to raise any new issues or arguments that would justify granting his motion." Order, Doc. 83. Gray timely appealed.

## II.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We will also review the denial of a motion for reconsideration in a criminal appeal for an

abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). A motion for reconsideration "cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014) (internal quotation marks omitted). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Harris*, 989 F.3d at 912 (internal quotation marks omitted). However, a district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may reduce a term of imprisonment, under § 3582(c)(1)(A), "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (internal quotation marks omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38.

Section 1B1.13 says that extraordinary and compelling reasons exist if the defendant is suffering from, among other things, a terminal illness or a serious physical or medical condition or deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover.  U.S.S.G. § 1B1.13, cmt. n.1(A).  An extraordinary and compelling reason based on the age of the defendant exists if the defendant is at least 65 years old; is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.  *Id.*, cmt. n.1(B).  The commentary further states that the Director of the Bureau of Prisons (the "BOP") may determine that there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described otherwise in the commentary.  *Id.*, cmt. n.1(D).

We have noted that the fact that a prisoner has a common ailment that could "possibly" make his risk of a serious illness "more likely" if he contracts COVID-19 is not the kind of debilitating condition that meets the policy-statement definition of an "extraordinary and compelling reason" for early release from prison.  *See Harris*, 989 F.3d at 912.  Moreover, a district court does not err in finding a defendant ineligible for compassionate release where certain health conditions are manageable in prison, despite the existence of the COVID-19 pandemic.  *United States v. Giron*, 15

F.4th 1343, 1346 (11th Cir. 2021) (high cholesterol, hypertension, and coronary artery disease).

In *United States v. Bryant*, we concluded that § 1B1.13 was applicable to all motions filed under the First Step Act, including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of extraordinary and compelling reasons. 996 F.3d 1243, 1252–62 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021). We further concluded that only the Director of the BOP, not the district court courts, could determine other extraordinary and compelling reasons for compassionate release beyond those in the commentary under § 1B1.13, cmt. n.1(D). *Id.* at 1262–65.

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are as follows: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims. *Id.*

"The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *Tinker*, 14 F.4th

at 1241 (internal quotation marks omitted). Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *Id.* In situations where consideration of the § 3553(a) factors is mandatory, it is not necessary for the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *Id.* Instead, an acknowledgement by the district court that it considered the § 3553(a) factors is sufficient. *Id.*

Here, the District Court did not abuse its discretion in denying Gray's motion for compassionate release and finding that none of the conditions for compassionate release were present. That Gray potentially suffers from conditions that may make serious illness more likely if he contracts COVID is not an extraordinary or compelling circumstance, and the health conditions he claims to suffer from are manageable in prison. *See Harris*, 989 F.3d at 912; *Giron*, 15 F.4th at 1346. The District Court also appropriately considered the 18 U.S.C. § 3553(a) factors and did not commit a clear error of judgment in finding that early release would not reflect the seriousness of his offense, promote respect for the law, or afford adequate deterrence considering his present offense of armed robbery and his criminal history designating him as a career offender.

Additionally, the District Court did not abuse its discretion in denying Gray's motion for reconsideration because he did not

10                      Opinion of the Court                    22-11963

offer any new, substantive arguments that justified reconsideration.

**AFFIRMED.**