[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-12248

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEONTE JAMEL WHITE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:23-cr-00405-ECM-JTA-1

————————————————

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Keonte Jamel White appeals his total sentence of 80 months' incarceration, imposed upon his guilty plea to possession of a machinegun, in violation of 18 U.S.C. § 922(o), and his conviction by jury trial of possession of fentanyl, in violation of 21 U.S.C. § 844(a). White contends that the district court committed procedural error when it considered acquitted conduct during sentencing. He also argues that his sentence is substantively unreasonable because it is 53 months above the applicable guideline range. Because neither argument has merit, we affirm White's sentence.

**I**

We review the reasonableness of a district court's sentence under a deferential abuse-of-discretion standard. *United States v. Al Jaberi*, 97 F.4th 1310, 1322 (11th Cir. 2024). When evaluating reasonableness, we first ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, selecting the sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). A factual finding is clearly erroneous when the reviewing court, having assessed the entirety of the evidence, "is left with the definite and firm conviction that a mistake has been committed." *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007) (citation and quotation marks omitted).

"[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997). Accordingly, we have long held that "relevant conduct of which a defendant was acquitted . . . may be taken into account in sentencing for the offense of conviction, as long as the Government proves the acquitted conduct relied upon by a preponderance of the evidence." *United States v. Cavallo*, 790 F.3d 1202, 1233 (11th Cir. 2015). After all, a verdict of acquittal "does not mean that the defendant is innocent of any particular aspect of the charged criminal conduct; it simply means that the Government failed to prove the defendant guilty beyond a reasonable doubt of the charged offense." *United States v. Maddox*, 803 F.3d 1215, 1221 (11th Cir. 2015).

Here, the district court did not procedurally err by considering acquitted conduct when determining White's sentence. The district court was permitted to consider relevant acquitted conduct, provided that the government proved that conduct by a preponderance of the evidence. *Cavallo*, 790 F.3d at 1233. The fact that the jury did not find White guilty of the drug-trafficking offense means only that the jury found that the government did not prove his guilt beyond a reasonable doubt. *See Maddox*, 803 F.3d at 1221. The district court indicated that it found that the government had proved White's drug-trafficking conduct by a preponderance of the evidence when it expressed its belief that the jury "got this absolutely wrong" and that it was "obvious" that White "[was] dealing drugs." In particular, the district court found that White's

possession of weapons and fentanyl pills evidenced that he was "possessing firearms to protect [his] drug stash." Although White argues that this conclusion was clearly erroneous, he did not object to the presentence investigation report's findings that he possessed multiple weapons—one fitted with a machinegun conversion device and one with an extended magazine—and was arrested while in possession of a scale and 52 pills containing fentanyl. In light of this evidence, White has not shown that the district court's finding that he engaged in drug trafficking was clearly erroneous.

White's argument that the district court based his sentence exclusively on an improper factor fares no better. Again, White's acquitted conduct of drug trafficking was not an improper factor for the district court to consider. *See Cavallo*, 790 F.3d at 1233. Moreover, and in any event, the district court stated during sentencing that its finding that White was trafficking drugs was not the sole basis for the sentence, maintaining instead that it was basing the sentence on White's "entire characteristics." While the district court did not expressly mention the 18 U.S.C. § 3553(a) factors during sentencing, it did state that its obligation was "to sentence [White] to a sentence which is sufficient but not more than necessary to accomplish the sentencing goal set forth in the federal statutes." The district court also entered a statement of reasons in which it indicated that it imposed the sentence based on the nature and circumstances of White's offense, White's history and characteristics, as well as the need to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from White's further crimes.

In short, there was no procedural error because the district court was permitted to consider acquitted conduct at sentencing and because the district court made clear that it was basing White's sentence on its consideration of various sentencing factors.

**II**

After reviewing for procedural error, we next examine the substantive reasonableness of a sentence considering the totality of the circumstances and the § 3553(a) factors. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). The party challenging the sentence must show that it is unreasonable. *Id.* The district court abuses its discretion if it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The district court is required to impose only a reasonable sentence, not the most appropriate one. *Id.* at 1191.

The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the sentencing purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, and protect the public from further crimes by the defendant. 18 U.S.C. § 3553(a)(2). The court must also consider factors like the nature and circumstances of the offense, the history and characteristics of the defendant, as well as the guidelines range. *Id.* § 3553(a)(1), (4). A district court need not address every factor;

rather, simply acknowledging that it considered the § 3553(a) factors and the parties' arguments is sufficient. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). The weight given to any of the § 3553(a) factors is left to the sound discretion of the district court, and we will not substitute our own judgment by reweighing these factors. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). We will vacate a sentence based on substantive unreasonableness only if left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190.

A district court making an upward variance under the § 3553(a) factors must have a justification that is both compelling enough to support the degree of the variance and complete enough to allow for meaningful appellate review. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). A major variance requires a more significant justification than a minor one. *Irey*, 612 F.3d at 1196. An upward variance may be based on conduct that was already considered in calculating the guidelines range. *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008). In imposing an upward variance, a district court may consider any information relevant to a defendant's background, character, and conduct. *See United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (citing 18 U.S.C. § 3661). The fact that an upward variance is well below the statutory maximum sentence indicates that a sentence is reasonable. *United States v. Riley*, 995 F.3d 1272, 1278 (11th

Cir. 2021).  The statutory maximum sentence for possession of a machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), is ten years' imprisonment, and the statutory maximum for possession of fentanyl, in violation of 21 U.S.C § 844(a), is one year.  18 U.S.C. §§ 922(o), 924(a)(2); 21 U.S.C. § 844(a).

Here, the district court did not abuse its discretion in sentencing White to a 53-month upward variance.  The district court explained that it was imposing an upward variance primarily due to the nature and seriousness of White's conduct.  The court's statement of reasons also pointed to White's history and characteristics, the need to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes. The court's weighing of the relevant sentencing factors was within its discretion, and the court was not required to weigh the factors in the manner that White desired.  *See Kuhlman*, 711 F.3d at 1327; *Dougherty*, 754 F.3d at 1361–62.  And in weighing those factors, the court was permitted to consider acquitted conduct.  *Cavallo*, 790 F.3d at 1233.  White's sentence thus was not substantively unreasonable.

★ ★ ★

In sum, White's sentence was not procedurally unreasonable because the district court was permitted to consider acquitted conduct and because it based White's sentence on its consideration of various sentencing factors.  Nor was White's sentence substantively unreasonable because the district court provided a

8                          Opinion of the Court                    24-12248

compelling justification for the upward variance, which also is well below the statutory maximum.

**AFFIRMED.**