**NOT FOR PUBLICATION**

## In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13052

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSE MISAEL GARFIAS-GARCIA,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:11-cr-00037-RH-CAS-1

————————————

Before JILL PRYOR, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Jose Garfias-Garcia, a federal prisoner proceeding pro se, appeals the district court's denial of his latest request for a sentence reduction under 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) allows a

district court to reduce a term of imprisonment if: (1) the 18 U.S.C. § 3553(a) factors favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; and (3) a reduction would not be inconsistent with U.S.S.G § 1B1.13's policy statement. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Courts need not address these three conditions in a specific sequence, as the lack of even one forecloses a sentence reduction. *Id.* at 1237–38. If a court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other conditions. *Id.*

On appeal, Garfias-Garcia argues that he has demonstrated extraordinary and compelling reasons for his release because he has served over ten years of his unusually long sentence. He also argues that his rehabilitation efforts, including his completion of his GED and other educational courses, as well as the fact that he is deportable upon his release from prison, warrant relief under § 3553(a). The government, in turn, moves this Court for summary affirmance.

Summary disposition is appropriate where, as relevant here, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review de novo a defendant's eligibility for a sentence reduction, but review for an abuse of discretion a court's denial of an eligible defendant's reduction request. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

As background, Garfias-Garcia has previously attempted to raise his present arguments before the district court to no avail. He was initially sentenced to 360 months of imprisonment after a jury found him guilty of conspiracy to distribute and possess with the intent to distribute cocaine and marijuana in 2012. However, four years later, on Garfias-Garcia's motion, the district court recalculated his guideline range to 292–365 months based upon Amendment 782 to the United States Sentencing Guidelines, and it resentenced him to 292 months of imprisonment.

He has since filed four additional motions for a sentence reduction under § 3582(c)(1)(A), each of which were denied by the district court. Garfias-Garcia's fourth motion underlies the instant appeal. The district court summarily denied the motion as insufficient for the reasons set out in its orders denying his two previous § 3582(c)(1)(A) motions. These orders explained that Garfias-Garcia was not serving an unusually long sentence, no change in law affected his guideline calculation, and no disparity existed between the sentence he was serving and the sentence that would have been imposed had he been sentenced at the time of his motions. The district court alternatively concluded that, even if Garfias-Garcia were eligible for a sentence reduction, it would deny relief as a discretionary matter based on the § 3553(a) factors.

The government is clearly correct as a matter of law that the district court did not err in finding Garfias-Garcia ineligible for a sentence reduction. *Davis*, 406 F.2d at 1162; *see* 18 U.S.C. § 3582(c)(1)(A). Although Garfias-Garcia argues that he is serving

an unusually long sentence, he has identified no change in law that would alter his already reduced guideline range. *See* U.S.S.G. § 1B1.13(b)(6). He therefore cannot show that his 292-month sentence, which was at the bottom of this range, is unusually long. And, despite his references to § 401 of the First Step Act, Garfias-Garcia likewise has not shown that there is any change in law that would produce a gross disparity between his current sentence and the sentence that would likely be imposed if he were sentenced today. Because we find no error in the district court's determination that Garfias-Garcia was ineligible for a sentence reduction, we need not reach the court's alternative finding that the § 3553(a) factors did not weigh in favor of granting relief.

Accordingly, we GRANT the government's motion for summary affirmance and **AFFIRM** the denial of Garfias-Garcia's § 3582(c)(1)(A) motion.